174

# Hurley ASHCRAFT *v.* Paul QUIMBY and ROCKWOOD INSURANCE CO.

CA 81-153                                                  617 S.W. 2d 390

## Court of Appeals of Arkansas
### Substituted Opinion on Rehearing
### delivered June 24, 1981

*McMath & Leatherman, P.A.*, by: *Phillip H. McMath*, for appellant.

*Norwood Phillips*, for appellee.

Per Curiam. On May 20, 1981, we delivered a per curiam opinion denying the appellant's motion for a rule on the clerk and cited *LaRue* v. *LaRue*, 268 Ark. 86, 593 S.W. 2d 185 (1980). The motion was denied because we thought the motion assumed that Rule 4 of the Rules of Appellate Procedure applied and that the notice of appeal was tendered one day late.

A petition for rehearing has been filed saying that this is an appeal from the Workers' Compensation Commission and that Acts 252 and 253 of 1979 provide that appeals may be taken from the Commission by filing a notice of appeal "within thirty (30) days from the date of the receipt of the order or award of the Commission."

The petition for rehearing states that the opinion of the Commission was filed in this case on February 23, 1981, and mailed to claimant's attorney, who at that time was a

resident of Warren, Arkansas. No response has been filed to the petition for rehearing and we have examined the record tendered and these allegations appeared to be correct. Assuming that the decision was mailed on February 23, 1981, it could not have been received before February 24, and under Rule 6 (a) of the Rules of Civil Procedure we start counting with the next day, February 25, and the thirtieth day is March 26, 1981, which is the day the notice of appeal was filed.

The petition for rehearing is, therefore, granted and the clerk is ordered to file and docket the record tendered.