SUNBELT COURIERS *v.* Joan McCARTNEY

CA 90-63                                          786 S.W.2d 121

Court of Appeals of Arkansas
En Banc
Opinion delivered March 28, 1990

*James C. Baker, Jr.*, for appellant.

*Pope, Shamburger, Buffalo & Ross*, by: *John K. Shamburger* and *Brad A. Cazort*, for appellee.

PER CURIAM. Joan McCartney, the appellee in this appeal from a decision of the Arkansas Workers' Compensation Commission, has filed a motion to dismiss the appeal. The issue to be decided is whether Ark. Code Ann. § 11-9-711(b) has been superseded by Rule 4 of the Rules of Appellate Procedure. We hold that the statute has not been superseded.

Because this case involves an interpretation of a rule adopted by the supreme court it would clearly be best if the decision could be made by that court. We are, however, prohibited from certifying the case to the supreme court under the decisions in *Houston Contracting Co.* v. *Young*, 271 Ark. 455, 609 S.W.2d 895 (1980), and *Ward School Bus Manufacturing* v. *Fowler*, 261 Ark. 100, 547 S.W.2d 394 (1977).

Arkansas Code Annotated Section 11-9-711(b) provides, in part:

> (b) AWARD OR ORDER OF COMMIS-SION—APPEAL. (1) A compensation order or award of the Workers' Compensation Commission shall become final unless a party to the dispute shall, within thirty (30) days from receipt by him of the order or award, file notice of appeal to the Court of Appeals, which is designated as the forum for judicial review of those orders and awards.
>
> (A) The appeal to the Court of Appeals may be taken by filing in the office of the commission, within thirty (30) days from the date of the receipt of the order or award of the commission, a notice of appeal, whereupon the commission under its certificate shall send to the court all pertinent documents and papers, together with a transcript of evidence and the findings and orders, which shall become the record of the cause.

Rule 4 of the Rules of Appellate Procedure provides, in part:

(a) Time for Filing Notice. Except as otherwise provided in subsequent sections of this rule, a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from.

In the case at bar the appeal is timely if Ark. Code Ann. § 11-9-711(b) governs but untimely if Rule 4 applies. Appellee relies on the Supersession Rule adopted by the supreme court:

All laws in conflict with the Arkansas Rules of Civil Procedure, Rules of Appellate Procedure and Rules for Inferior Courts shall be deemed superseded as of the effective dates of these rules.

She also notes that Act 38 of 1973 was one of the bases for the supreme court's authority to enact rules governing appellate procedure. The act provides, in part:

Section 3. The right of appeal shall continue in those cases in which appeals are authorized by law, but the rules made as herein authorized may prescribe the times for and manner of taking appeals.

. . . .

Section 5. All laws in effect on the effective date of this Act regarding pleading, practice and procedure in civil proceedings in the courts of the state and those relating to the time and manner of taking appeals in civil proceedings shall remain in effect only until such time as the Supreme Court prescribes rules regarding the same or until the same are repealed or revised by legislative action.

Appellee argues that § 11-9-711(b) has been "preempted" by Rule 4, citing *Curtis* v. *State*, 301 Ark. 208, 783 S.W.2d 47 (1990). She also relies on Rule 1 of the Rules of Appellate Procedure which states, "[t]hese rules shall govern procedure in appeals to the Arkansas Supreme Court or Court of Appeals." She correctly argues that timely notice of appeal is jurisdictional. *LaRue* v. *LaRue*, 268 Ark. 86, 593 S.W.2d 185 (1980). She also directs us to our decisions which hold that Ark. R. App. P. 2, which provides that only final orders are appealable, is applicable to appeals from the Workers' Compensation Commission. *See, e.g. Mid-State Construction* v. *Sealy*, 26 Ark. App. 186, 761

S.W.2d 951 (1988).

Nevertheless, we are not persuaded that the supreme court intended that § 11-9-711(b) be superseded by Ark. R. App. P. 4. In *St. Clair* v. *State*, 301 Ark. 223, 783 S.W.2d 835 (1990), the supreme court said that the rule making power is shared between the supreme court and the general assembly. In *Ashcraft* v. *Quimby*, 2 Ark. App. 174, 617 S.W.2d 390 (1981), we held, in effect, that the time for filing notice of appeal in a workers' compensation case was governed by Acts 252 and 253 of 1979 (predecessors of Ark. Code Ann. § 11-9-711(b)) rather than Rule 4 of the Rules of Appellate Procedure. The problem is similar to that addressed by the supreme court in *Whitlock* v. *G.P.W. Nursing Home, Inc.*, 283 Ark. 158, 672 S.W.2d 48 (1984). In that case there was conflict between the Administrative Procedure Act and the Arkansas Rules of Civil Procedure. The supreme court held that the APA procedure for judicial review is an exception to the Rules of Civil Procedure, stating "[i]t is obvious that the legislature and this court intended for the APA to be one of those exceptions to the Rules of Civil Procedure." We also note that the Rules of Appellate Procedure are broad and general in their scope while Ark. Code Ann. § 11-9-711 may be characterized as a "special" statute governing appeals only in workers' compensation cases. In such a case there seems to be a presumption that the "special" statute was intended to remain in force as an exception to the latter and more general enactment. *See* 73 Am. Jur. 2d *Statutes* § 417 (1974).

We conclude that the Arkansas Supreme Court did not intend that Ark. Code Ann. § 11-9-711(b) be superseded by Rule 4 of the Rules of Appellate Procedure.

Motion denied.

MAYFIELD, J., concurs.

MELVIN MAYFIELD, Judge, concurring. I concur in the denial of the appellee's motion to dismiss the appeal in this matter. However, in addition to the reasons set out in the per curiam opinion by the majority of the court, I want to point out that in *Davis* v. *C & M Tractor Company*, 2 Ark. App. 150, 617 S.W.2d 382 (1981), the Arkansas Court of Appeals, in an opinion issued at the time the court was sitting en banc, considered the

relationship of Acts 252 and 253 passed by the Arkansas General Assembly in 1979, both of which provided for appeals from the Workers' Compensation Commission directly to the Court of Appeals. In that case, we pointed out that the provisions of the two acts were not exactly the same with regard to the time requirement for filing the record on appeal. Recognizing that this was a decision that the Arkansas Supreme Court "can and may ultimately make," we held that the record had to be filed within 90 days from the filing of the notice of appeal. That decision has never been changed by the Arkansas Supreme Court.

In *Ashcraft* v. *Quimby*, 2 Ark. App. 174, 617 S.W.2d 390 (1981), this court applied the provision found in Acts 252 and 253 of 1979 providing that an appeal from the Workers' Compensation Commission could be taken by filing a notice of appeal within 30 days of the date of the receipt of the order or award of the Commission. That provision may now be found in Ark. Code Ann. § 11-9-711 (1987). Our decision in *Ashcraft* has never been changed by the Arkansas Supreme Court.

Therefore, since 1981 when this court decided the *Davis* and *Ashcraft* cases, the time periods have been fixed in which notice of appeals had to be filed in workers' compensation cases and the time in which the record on appeal had to be filed in those cases. I certainly do not think this court should do anything that would contribute to making those time elements indefinite, uncertain or unsettled.