The Honorable Morril H. Harriman State Senator 172 State Capitol Little Rock, Arkansas 72201-1099
Dear Senator Harriman:
This letter is a response to your request for an opinion regarding surety bond coverage for municipal personnel in the event of a termination of coverage under the Arkansas Self-Insured Bond Program. You have presented the following question:
 If fidelity bond coverage under the Arkansas Self-Insured Fidelity Bond Program is terminated for a city clerk, what type of bond must the individual obtain (fidelity or performance)?
It is my opinion that in the event of the termination of a city clerk's coverage under the Arkansas Self-Insured Bond Program, the individual whose coverage has been terminated must obtain a fidelity bond.
As you noted in your correspondence, state and local officials and employees are currently covered under the Self-Insured Fidelity Bond Program pursuant to the provisions of A.C.A. § 21-2-701 et seq. The particular statute that gives rise to your question is A.C.A. §21-2-703(b), which states:
 In the event coverage shall cease to be provided for any or all of the officials, officers, or employees pursuant to this subchapter, the laws currently in effect providing for surety bonds or blanket bonds shall again become applicable to the officials, officers, and employees.
A.C.A. § 21-2-703(b).
The laws "currently in effect" that address the provision of bonds to city clerks[1] are A.C.A. §§ 14-42-106(b), 14-43-313(b), 14-58-308(a), and 19-1-403.[2]
Those statutes state as follows:
Oath and bond required.
 (b) The aldermen or council of a municipal corporation may require from the officers, as they think proper, a bond, with good and sufficient security with proper penalty, for the faithful discharge of their office and duty.
A.C.A. § 14-42-106(b).
City clerks and attorney generally.
 (b) The clerk and attorney shall give the bond, perform the duties, and receive such salary as is prescribed by ordinance in each of these cities.
A.C.A. § 14-43-313(b).
Bonds of officers and employees.
 (a) All officers and employees of a city of the first class handling financial matters for the city shall furnish a fidelity bond in such amount, on such form, and with such security as may be approved by the municipal governing body.
A.C.A. § 14-58-308(a).
County and municipal officials and employees.
 (a)(1) All county officials and employees, municipal officials and employees, and all other officers and employees of any political subdivision of this state who are required by law to furnish bond and who receive and disburse cash funds from bank accounts shall obtain a surety bond from a corporate surety authorized to do business in this state. . . .
 (3) The bonds shall be conditioned that the officer or employee shall faithfully perform the duties of his office or employment and properly account for all cash funds received and disbursed by him as an officer or employee.
 (b)(1) All county officials and employees, municipal officials and employees, and all other officers and employees of any political subdivision of this state who are required by law to furnish bond and who receive or approve the disbursement of any funds appropriated and disbursed through the State Treasury shall obtain a bond. . . .
 (3) The bond shall be conditioned that the officer or employee shall faithfully perform the duties of his office or employment and properly account for the disbursement of funds.
A.C.A. §§ 19-1-403(a)(1) and (3) and (b)(1) and (3).
Of the cited statutes, only A.C.A. § 14-58-308(a) specifies the type of bond required: a fidelity bond. The other three statutes do not specify a particular type of bond, but rather, speak in general terms.
The Arkansas Supreme Court has held that where two or more statutes address the same subject, one of which is more specific than the others, the specific statute will govern. See, e.g., Sunbelt Courier v.McCartney, 31 Ark. App. 8, 786 S.W.2d 121 (1990), aff'd 303 Ark. 522,798 S.W.2d 92 (1990); Thomas v. Easley, 277 Ark. 222, 640 S.W.2d 797 (1982).
Because the provisions of A.C.A. § 14-58-308(a) not only specify the requirement of a particular type of bond (fidelity), but also are directed at a specific subset of municipal officials, as opposed to local officials generally, I must conclude that it is the most specific of the three applicable statutes. Moreover, the language set forth in the other three statutes (A.C.A. §§ 14-42-106(b), 14-43-313(b), and 19-1-403(a)(1) and (3) and (b)(1) and (3)) is broad enough to encompass fidelity bonds,[3] thus precluding any argument that there could be a conflict in the statutes.
For these reasons, it is my opinion that city clerks whose coverage under the Arkansas Self-Insured Bond Program has been terminated must obtain a fidelity bond.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] You have based your question upon a situation existing in the city of McCrory, Arkansas, which is a city of the first class. It should be noted that some of the statutes governing cities of other classes and forms of government set forth bonding requirements for local officials in such language as would encompass a person in the role of city clerk.See, e.g., A.C.A. §§ 14-45-109(b)(2) (incorporated towns), 14-47-136 (city manager form of government), 14-48-127 (city administrator form of government). Although this opinion analyzes your question as applied to city clerks in cities of the first class, the opinion would not change if the provisions of these statutes were at issue.
[2] You specifically inquired as to the impact of A.C.A. § 14-58-803. That statute, along with some others addressing surety bonds, were repealed by Act 555 of 1995. If those statutes had not been repealed and were still in effect, my opinion would not be affected by their effectiveness. It follows that my opinion would be the same as set forth herein if applied to a situation governed by the law in effect prior to the repeals effected by Act 555 of 1995.
[3] The language of both A.C.A. §§ 14-42-106 and 14-43-313 place some discretion in the city's governing body to determine the specifics of the bond requirement. Such grant of discretion does not include a grant of authority to do anything that is contrary to state law. See A.C.A. §§14-43-601 and -610. Because state law, as set forth in A.C.A. §14-58-308, requires a fidelity bond, municipalities that have discretion under A.C.A. §§ 14-42-106 and 14-43-313 must, at a minimum, require a fidelity bond of its officers and employees who come within the purview of A.C.A. § 14-58-308.