The Honorable Jim Scott State Senator 321 State Highway 15 North Warren, Arkansas 71671
Dear Senator Scott:
This letter is a response to your request for an opinion regarding filing fees in probate court. You have presented the following question:
 Is the fee for filing an affidavit under A.C.A. § 28-41-101 still $10.00, or has the fee been superseded by the $120.00 fee prescribed in Act 1256 of 1995 for initiating a cause of action in probate court?
It is my opinion that the fee for filing an affidavit under A.C.A. §28-41-101 is $10.00.
I base this conclusion on three factors.
First, Section 4 of Act 1256 of 1995, after prescribing a uniform filing fee of $120.00 for filing causes of action in probate court, states:
 No county shall authorize and no chancery or probate court clerk shall assess or collect any other filing fees than those authorized, unless specifically provided by state law.
A.C.A. § 16-14-105, as amended by Acts 1995, No. 1256, § 4 (emphasis added).
Because the $10.00 filing fee set forth in A.C.A. § 28-41-101 is "specifically provided by state law," I conclude that it is authorized as a permissible "other filing fee" within the meaning of Act 1256 of 1995.
Second, the $10.00 filing fee of A.C.A. § 28-41-101 serves the underlying purpose of Act 1256 of 1995. The stated purpose of that act was to create state-wide uniform filing fees and court costs "for each type of case." Acts 1995, No. 1256, § 2 (emphasis added). Because the $10.00 fee is provided for by state law, rather than by any particular court's rules, it is already uniform across the state for all filings of affidavits in connection with the distribution of small estates. It therefore serves the purpose of Act 1256.
Third, even if the other factors were absent, the specific $10.00 filing fee of A.C.A. § 28-41-101 would take precedence over the general $120.00 filing fee of Act 1256, because A.C.A. § 28-41-101 is a specific statute, whereas Act 1256 is general. The Arkansas Supreme Court has held that where two statutes address the same subject, one of which is more specific than the other, the more specific will govern. See, e.g., SunbeltCourier v. McCartney, 31 Ark. App. 8, 786 S.W.2d 121 (1990), aff'd303 Ark. 522, 798 S.W.2d 92 (1990); Thomas v. Easley, 277 Ark. 222,640 S.W.2d 797 (1982). Because A.C.A. § 28-41-101 addresses a specific type of case, whereas Act 1256 addresses all cases generally, A.C.A. §28-41-101 must govern.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh