Colonel John R. Bailey, Director Arkansas State Police #1 State Police Plaza Drive Little Rock, Arkansas 72209
Dear Colonel Bailey:
This official Attorney General opinion is rendered in response to a question you have raised concerning Act 1317 of 1997. You have asked:
 Does Section 1 of Act 1317 of 1997 apply to the issuance of licenses to private investigators, security service contractors, alarm companies, and armed security officers?
It is my opinion that the issuance of licenses to private investigators, security service contractors, alarm companies, and armed security officers continues to be governed by the specific provisions of the Private Investigators and Private Security Agencies Act [A.C.A. §17-40-101 et seq.], rather than by the more general provisions of Section of Act 1317 of 1997.
Section 1 of Act 1317 of 1997 amended the provisions of A.C.A. §17-1-103, which generally prohibits the use of certain criminal records in connection with an application for a license. The statute further states that its provisions are to apply to "any board, commission, department, agency, or any other body that deals in licensing or regulating a profession, trade, or occupation in the State of Arkansas." Acts 1997, No. 1317, § 1 [A.C.A. § 17-1-103(g).]
It is my understanding that your concern arises out of the fact that the Private Investigators and Private Security Agencies Act [A.C.A. §17-40-101 et seq.] — which specifically governs the issuance of licenses to individuals and entities such as private investigators, security service contractors, alarm companies, and armed security officers — explicitly allows the licensing body to consider some of the criminal records that are prohibited from consideration under A.C.A. § 17-1-103
(as amended by Section 1 of Act 1317 of 1997). The provisions of the two laws therefore appear to conflict.
It is my opinion that this apparent conflict is governed and resolved by the Arkansas Supreme Court's decision in Bolden v. Watt, 290 Ark. 343,719 S.W.2d 428 (1986), where the court considered a similar apparent conflict. That case also involved A.C.A. § 17-1-103 (the statute that was amended by Act 1317 of 1997) [then codified at A.S.A. 71-2601 et seq.], which generally prohibited the use of misdemeanor convictions in connection with licensing.[1] Despite that prohibition, a city had enacted an ordinance prohibiting the issuance of a taxi driver's permit to any driver who had received a DWI conviction in the past three years, including a misdemeanor DWI conviction. The city enacted this ordinance pursuant to its statutory authority to regulate taxi cabs, A.S.A. 19-3513 [Now codified at A.C.A. § 14-57-302].
Certain individuals who were denied permits to drive taxi cabs argued that the ordinance was unconstitutional because it was contrary to the prohibition against the use of misdemeanors in licensing, set forth in A.S.A. 71-2601 et seq. [A.C.A. § 17-1-103].
The court began its analysis by noting that the issue turned on whether a conflict existed between A.S.A. 71-2601 et seq. [A.C.A. § 17-1-103], the general prohibition against the use of misdemeanors in licensing, and A.S.A. 19-3513, the statute granting cities the authority to regulate taxi cabs. It concluded that no conflict existed. In reaching this conclusion, the court set out various principles of statutory interpretation by which it was guided. One such principle was the principle which holds that the legislature is presumed to have enacted any given law with an awareness of the existence of another law addressing the same subject. Another principle was the principle under which the court is required to reconcile and uphold, if possible, two statutes addressing the same subject.
The court found that the two statutes under consideration in Bolden v.Watt could be reconciled. The purpose of the general prohibition in A.S.A. 71-2601 et seq. [A.C.A. § 17-1-103], the court held, was to encourage the rehabilitation of persons who had been convicted of crimes. However, the legislature enacted it with full knowledge of cities' statutory authority to regulate taxi cabs under A.S.A. 19-3513. The court noted that A.S.A. 71-2601 et seq. [A.C.A. § 17-1-103], containing the general prohibition, was the more general statute, whereas A.S.A. 19-3513, granting the authority to regulate taxi cabs, was the more specific. Moreover, the general prohibition in A.S.A. 71-2601 etseq. [A.C.A. § 17-1-103] was not enacted with the purpose of assuring convicted persons particular jobs. In addition, the city's ordinance, enacted under the city's statutory authority to regulate taxi cabs, was enacted for a valid reason and did not prevent persons convicted of DWI from obtaining employment in capacities other than driving a taxi cab. Thus, it did not conflict with the purpose of the general prohibition. For those reasons, the court found that the two statutes were compatible and could be harmonized. It therefore upheld the ordinance.
When I apply the holding of Bolden v. Watt to an analysis of the apparent conflict between the general prohibition against the use of certain criminal convictions in licensing, set forth in A.C.A. § 17-1-103, and the allowance of the use of some of the same convictions in licensing under the Private Investigators and Private Security Agencies Act [A.C.A. § 17-40-101 et seq.], I must conclude that the provisions of the two statutes can be harmonized, and that the more specific provisions of the Private Investigators and Private Security Agencies Act should continue to govern the issuance of licenses to private investigators, security service contractors, alarm companies, and armed security officers. This conclusion is bolstered by the Arkansas Supreme Court's frequent holding that a where a general statute and a specific statute address the same subject, the specific one should take precedence. See,e.g., City of Ft. Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993);Sunbelt Courier v. McCartney, 31 Ark. App. 8, 786 S.W.2d 121 (1990), aff'd 303 Ark. 522, 798 S.W.2d 92 (1990); Thomas v. Easley,277 Ark. 222, 640 S.W.2d 797 (1982).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] As amended by Act 1317 of 1997, A.C.A. § 17-1-103 now allows the consideration of misdemeanor sex offenses and misdemeanors involving violence.