The Honorable Jerry Allison State Representative 26 CR 744 Jonesboro, Arkansas 72401-9563
Dear Representative Allison:
You have requested an Attorney General on the following questions:
 (1) In a city of the first class with a population of more than 50,000, which state statute has precedence with regard to filling the office of city treasurer, A.C.A. § 14-43-303 or A.C.A. § 14-43-405?
 (2) If A.C.A. § 14-43-405 has precedence, can the appointment of a city treasurer be legislated by the city council by ordinance, after a candidate's petition for the local election process has already started?
 (3) Is it the intent of A.C.A. § 14-43-405 to allow a city council to appoint as city treasurer a person who is already serving as the city's finance director and who is hired by and accountable to the mayor?
 (4) If a city council member leaves a meeting of the council, and a vote is held on a proposal to allow appointment of the city treasurer while he is absent, can he be called to return to the meeting for the purpose of holding a second vote on the proposal, if no amendment to the proposal was suggested by the side who prevailed in the first vote?
 (5) Would this council member's leaving and then returning to vote violate the state constitution or any state statute?
 (6) If the ordinance allowing appointment of the city treasurer is passed under the above-described circumstances (involving the council member leaving and returning to vote), is the ordinance legal?
 (7) Should the vote on this ordinance have been postponed until the next scheduled council meeting?
 (8) After a 7 "for" to 3 "against" vote to suspend the rules and place on second reading is held, and the second reading is performed, and then a 7 "for" to 3 "against" vote to suspend the rules and place on the third reading is taken and the city clerk notices the error (i.e., the lack of a 2/3 majority), and the council member who had left returns to the meeting and votes for the suspension of the rules to place on second reading, making the vote 8 "for" and 3" against," and the second reading was never performed again, but the third reading was performed, is this a legal ordinance?
 (9) If a mayor or city council calls a special meeting and a council member is called by telephone, but is not present to answer the call nor notified by any other means of the special meeting, is the special meeting a legal meeting?
 (10) Is any legislation that is passed during this special meeting legal?
RESPONSE
Question 1 — In a city of the first class with a population of more than50,000, which state statute has precedence with regard to filling theoffice of city treasurer, A.C.A. § 14-43-303 or A.C.A. § 14-43-405?
It is my opinion that A.C.A. § 14-43-405 takes precedence over A.C.A. §14-43-303. I base this conclusion on the fact that A.C.A. § 14-43-405 is more specific than A.C.A. § 14-43-303.
For purposes of clarity, I will set forth the pertinent contents of both statutes.
A.C.A. § 14-43-303 states in pertinent part:
 (3)(A) At the general election in the year 1962, and every four (4) years thereafter, the city shall elect:
* * *
(ii) One (1) city treasurer. . . .
A.C.A. § 14-43-303(3)(A)(ii).
A.C.A. § 14-43-405 states:
 All cities of the first class having the mayor-council form of government may provide, by ordinance, for the election or appointment of their city treasurer. The city council may, by ordinance or resolution, designate the city clerk as clerk-treasurer, allowing one (1) person to assume the duties of both clerk and treasurer.
A.C.A. § 14-43-405.
The Arkansas Supreme Court has held that where two statutes address the same subject, one of which is more specific than the other, the more specific will govern. See, e.g., Sunbelt Courier v. McCartney,31 Ark. App. 8, 786 S.W.2d 121 (1990), aff'd 303 Ark. 522, 798 S.W.2d 92
(1990); Thomas v. Easley, 277 Ark. 222, 640 S.W.2d 797
(1982).
A.C.A. § 14-43-405 is more specific than A.C.A. § 14-43-303. The latter statute, A.C.A. § 14-43-303, addresses the election of municipal officers generally. It addresses the full range of municipal offices in groups, and sets forth the frequency with which they are to be elected and the lengths of their terms. In contrast, A.C.A. § 14-43-405 addresses only the office of treasurer (and clerk-treasurer). This statute was enacted after A.C.A. § 14-43-303, and appears to have been intended to allow cities an option for filling the office of city treasurer other than by election, as provided in A.C.A. § 14-43-303.
Because A.C.A. § 14-43-405 is clearly more specific than A.C.A. §14-43-303, I must conclude that A.C.A. § 14-43-405 takes precedence in determining the issue of the manner in which cities may fill the office of city treasurer. Cities of the first class having a mayor-council form of government may either elect or appoint their city treasurer.
Question 2 — If A.C.A. § 14-43-405 has precedence, can the appointment ofa city treasurer be legislated by the city council by ordinance, after acandidate's petition for the local election process has already started?
It is my opinion that a city can enact an ordinance providing for the appointment of the city treasurer, even after a potential candidate for that office has begun the petition process.
The provisions of A.C.A. § 14-43-405 do not state limitations on its applicability. Moreover, I find no other legal limitations on its applicability. Since the passage of A.C.A. § 14-43-405 in 1965, there has not been any "vested" right to run for the office of city treasurer. That statute empowered city councils to change the manner of filling the office of city treasurer to an appointment method at any time. By enacting such an ordinance, the city council is doing what it was empowered by state law to do, and in doing so, the city council does not disturb any vested rights.
I therefore conclude that the city council can enact such an ordinance, even after a potential candidate for the office of city treasurer has begun the petition process. It should be noted of course that the process of initiative petition is always available to an electorate who is dissatisfied with legislative action of the city council. See Ark. Const., am. 7.
Question 3 — Is it the intent of A.C.A. § 14-43-405 to allow a citycouncil to appoint as city treasurer a person who is already serving asthe city's finance director and who is hired by and accountable to themayor?
A.C.A. § 14-43-405 does not address the question of who may be appointed to the office of city treasurer pursuant to its provisions.
It is my opinion that no legal principle would prohibit the appointment of the city's finance director to the position of city treasurer. The situation does not give rise to any of the legal prohibitions against dual office holding, or any other legal concerns.
Even though, as you have pointed out, such an appointment would create a situation in which the person in charge of the city's finances is ultimately under the power of the mayor (and that therefore, the mayor would have undue control over the city's finances), I must note that even though this individual may be under the power of the mayor as finance director, he would be independent from the mayor as treasurer, because (as treasurer) he would, by law, be accountable to the city council. See
A.C.A. § 14-43-507. The city council, by law, has ultimate control over the city's finances. A.C.A. § 14-43-502.
Question 4 — If a city council member leaves a meeting of the council,and a vote is held on a proposal to allow appointment of the citytreasurer while he is absent, can he be called to return to the meetingfor the purpose of holding a second vote on the proposal, if no amendmentto the proposal was suggested by the side who prevailed in the firstvote?
I must note initially that you have asked a question that is very fact-intensive. The Attorney General cannot determine disputed questions of fact or apply principles of law to a set of facts that may be disputed. For this reason, I cannot opine definitely as to any outcome that should have obtained in that situation. Nevertheless, I will set forth the law that governs this question generally, which may be helpful to you in assessing the situation.
First, you indicate that the city in question does not have procedures addressing this question, and that eight votes constitute the two-thirds majority that is required to suspend the three readings rule.
I have previously opined that in the absence of local rules addressing procedural questions such as this one, general parliamentary law prevails. See Op. Att'y Gen. No. 95-152, citing 62 C.J.S. Municipal Corporations § 400(a) (1949). See also A.C.A. § 14-43-501(a)(2)(C) (1987) (authorizing cities of the first class to "determine the rules of their proceedings. . . .") 62 C.J.S., supra.
If you are correct that the city in question does not have local rules addressing this matter, general parliamentary law must be consulted. Under general parliamentary law, a second vote on a proposal that failed on the first vote may be taken at the same meeting if the rights of third parties have not intervened and if vested rights are not impaired. 62 C.J.S. Municipal Corporations § 407 (1949). See also Robert's Rules ofOrder 268 (7th ed. 1970). A motion to reconsider a failed proposal can only be made, however, by a member who voted with the prevailing side.Robert's Rules of Order, supra, at 265. In other words, if the vote was "no" on a motion to adopt a resolution or ordinance, a reconsideration of the resolution or ordinance can be initiated only by a person who voted "no."
If a proposed ordinance fails on the first vote because of the lack of the required two-thirds majority in favor of it, the prevailing side was the side that voted against it. Under the principles set forth above, a reconsideration of that proposed ordinance can only be proposed by a person who had voted against the ordinance on the previous vote, and a second vote should not be held absent a proper proposal for reconsideration.
I reiterate that because I cannot make determinations of fact or apply the law to statements of fact that may be disputed, I cannot opine conclusively as to how these principles of law would apply to the fact situation about which you are concerned.
Question 5 — Would this council member's leaving and then returning tovote violate the state constitution or any state statute?
I am aware of no statutory or constitutional provision that would prohibit a council member from leaving a council meeting and then returning to vote on a properly proposed measure.
Question 6 — If the ordinance allowing appointment of the city treasureris passed under the above-described circumstances (involving the councilmember leaving and returning to vote), is the ordinance legal?
Because the legality of the ordinance turns on factual events that happened at a council meeting, and because I am not authorized to make determinations of fact, or to apply principles of law to a set of facts that may be disputed, I cannot opine definitely in response to this question. See Response to Question 4 for a discussion of the legal principles upon which the legality of any particular ordinance must be determined.
Question 7 — Should the vote on this ordinance have been postponed untilthe next scheduled council meeting?
The ultimate answer to this question, again, will turn on factual matters that I cannot determine. Under the principles set forth in response to Question 4, however, I can state as a general matter that if it can be factually determined that a reconsideration of an ordinance is not properly proposed, the second vote should be postponed. Again, however, I cannot draw any conclusions as to whether this is the case in a situation as to which I am not certain of the facts.
Question 8 — After a 7 "for" to 3 "against" vote to suspend the rules andplace on second reading is held, and the second reading is performed, andthen a 7 "for" to 3 "against" vote to suspend the rules and place on thethird reading is taken and the city clerk notices the error (i.e., thelack of a 2/3 majority), and the council member who had left returns tothe meeting and votes for the suspension of the rules to place on secondreading, making the vote 8 "for" and 3 "against," and the second readingwas never performed again, but the third reading was performed, is this alegal ordinance?
For the reasons stated in response to the previous questions, I cannot draw any conclusions as to the legality of a particular ordinance under facts that have not been definitively determined.
I should note that if a reconsideration is properly proposed, and a second vote to suspend the rule is taken, with a two-thirds majority voting for suspension of the rule, no second or third reading of the ordinance is necessary. When the rule has been properly suspended under A.C.A. § 14-55-202, an ordinance need not be read again. Vaughan v.Searcy, 199 Ark. 585, 135 S.W.2d 318 (1940).
Question 9 — If a mayor or city council calls a special meeting and acouncil member is called by telephone, but is not present to answer thecall nor notified by any other means of the special meeting, is thespecial meeting a legal meeting?
It is my opinion that the answer to this question will be governed by the city council's local rules concerning the notice that is required for special meetings.
City councils are required by state law to formulate rules for their own procedures, A.C.A. § 14-43-501, including the procedure for providing notice of special meetings. A.C.A. § 14-43-502. Therefore, the local rules must be consulted in order to answer this question. In addition, the question of whether the local rules have been adequately complied with is a question of fact that I cannot determine.
I will note, however, that an appropriate guideline in considering this question would be the fact that members of the public would be entitled to reasonable notice of special meetings of the city council, under the Freedom of Information Act (FOIA) [A.C.A. § 25-19-101 et seq.]. I have opined that the notice that is required under the FOIA must suffice to allow the public an opportunity to have representatives present at the meeting. See Op. Att'y Gen. No. 96-074. It would certainly follow that members of the city council would be entitled to the same degree of notice.
Question 10 — Is any legislation that is passed during this specialmeeting legal?
See responses to Questions 4 through 8.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh