Major General Don C. Morrow, Adjutant General Military Department of Arkansas Camp Joseph T. Robinson North Little Rock, Arkansas 72199-9600
Dear General Morrow:
I am writing in response to your request for my opinion on the following question:
 May an officer hold a commission in the Arkansas Army National Guard and serve as Arkansas Attorney General?
You indicate in your request that a commissioned National Guard officer whose military service obligation will not expire until 2005 is considering running for the office.
RESPONSE
In my opinion, although the described dual service would in all likelihood offend the Arkansas Constitution, this constitutional proscription is preempted by federal law that would allow the subject of your request to hold both positions.
Your question implicates various provisions of the Arkansas Constitution. Article VI, § 22 provides in pertinent part:
 The Treasurer of State, Secretary of State, Auditor of State and Attorney General shall perform such duties as may be prescribed by law; they shall not hold any other office or commission, civil or military, in this State or under any State, or the United States, or any other power, at one and the same time. . . .
However, Ark. Const. art. XIX, § 26 provides:
 Militia officers, officers of the public schools and notaries may be elected to fill any executive or judicial office.[1]
Article XIX, § 6 further provides:
 No person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution.
As my immediate predecessor noted in the enclosed Ark. Op. Att'y Gen. No. 96-327:
 Under the Arkansas Constitution, an organized militia is provided for and is distinctly recognized as a part of the executive branch of the State government. State v. Moore, 76 Ark. 197, 88 S.W. 881 (1905); see also Belote v. Coffman, 117 Ark. 352, 175 S.W. 37 (1915). The militia is an arm of the executive department of the State government used in the enforcement of the law and the preservation of the public peace. Moore, supra.
Moreover, for the reasons specified in my predecessor's opinion, I believe an officer in the National Guard holds an "office" as that term is used in the above recited constitutional provisions. The Attorney General is likewise an executive officer by constitutional mandate. Ark. Const. art. VI, § 1. In terms of the state constitution, then, answering your question would seem to require resolving a tension between Ark. Const. arts. VI, § 22 and XIX, § 6, which appear facially to preclude the dual service you have described, and Ark. Const. art. XIX, § 26, which appears facially to allow it.
The Arkansas Supreme Court has indirectly addressed this issue only in dictum. In Jones, Justice George Rose Smith addressed the question of whether Attorney General Steve Clark was constitutionally prohibited from serving both as Arkansas Attorney General and as a reserve commissioned officer in the United States Army. 278 Ark. at 121. After noting that such service would clearly run afoul of the proscription set forth at Ark. Const. art. VI, § 22, the court went on to consider whether Mr. Clark qualified as a "militia officer" subject to Ark. Const. art. XIX, § 26. Id. at 123. The court answered this question in the negative and consequently concluded that Attorney General Clark was precluded from holding both offices. Id. at 123-24.
For reasons I do not fully understand, implicit in the court's analysis appears to be an assumption that if Attorney General Clark had qualified as a "militia officer" — e.g., if he had been a member of the National Guard — his dual service would have been constitutionally permissible, notwithstanding the fact that Ark. Const. arts. VI, § 22 and XIX, § 6 would appear to dictate a contrary conclusion. Under standard principles of statutory and constitutional interpretation, it would seem that the specific bar against dual service by an attorney general should trump the more general provision allowing such dual service by militia members.See, e.g., Sunbelt Courier v. McCartney, 31 Ark. App. 8, 786 S.W.2d 121
(1990), aff'd 303 Ark. 522, 798 S.W.2d 92 (1990); Thomas v. Easley,277 Ark. 222, 640 S.W.2d 797 (1982) (more specific statutory provisions will control over more general); Knowlton v. Ward, 318 Ark. 867, 874,889 S.W.2d 721 (1994) (rules of constitutional construction track those of statutory construction).
Fortunately, I need not further address the tension discussed above because Congress almost certainly resolved it in 1994 — well after the Arkansas Supreme Court's decision in Jones — by adopting the preemptive Uniformed Services Employment and Reemployment Rights Act (the "USERRA"), 38 U.S.C. §§ 4301 through -4333, which I believe a court would invoke as approving the dual service at issue in your request. I will not here repeat my predecessor's extensive discussion of the USERRA in the enclosed Ark. Op. Att'y Gen. No. 96-327, with which I fully concur. Instead, I will merely summarize what I consider his pertinent conclusions: (1) the USSERRA expressly preempts all state constitutional and statutory law on the same topic pursuant to the Supremacy Clause of U.S. Const. art. VI, see 38 U.S.C. § 4302(b); (2) the USSERRA prohibits using the fact of an individual's "uniformed service" as a basis to deny him "employment," see 38 U.S.C. § 4311(a); the term "uniformed services" includes the Army National Guard, see 38 U.S.C. § 4303(16); and (3) a public officer would in all likelihood be deemed "employed" under the USSERRA. In short, notwithstanding what I consider the tension on the subject in the Arkansas Constitution, I believe the subject of your request would probably prevail if challenged in his planned candidacy for Attorney General.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure
[1] Subsection 12-61-101(a) of the Arkansas Code (Repl. 1999) expressly identifies the National Guard as an arm of the militia. Accord Jones v.Clark, 279 Ark. 119, 123, 664 S.W.2d 257 (1983); Ark. Op. Att'y Gen. No.96-327.