The Honorable Danny Ferguson State Representative 212 McCollum Drive Forrest City, AR 72335-2521
Dear Representative Ferguson:
I am writing in response to your request for an opinion on the following issue:
 A duly elected coroner receives a request under the FOI to inspect all coroner cases or other public records relating to that office for a specified period of time. It is believed that death certificates, and potentially other items, are not subject to inspection and/or copying under the Privacy Act and/or state regulation. How is an elected official to respond if there is a conflict between FOI and the Privacy Act? What is an elected official allowed to lawfully not provide under the two pieces of legislation? Is there a limitation period for how far back records can be requested?
RESPONSE
It must be initially noted in responding to these questions that I am somewhat uncertain regarding your reference to the "Privacy Act." I am unaware of any Arkansas law of this exact name. There is a federal law known as the Privacy Act, which is found at 5 U.S.C. § 552a. This federal law prohibits the release of certain types of information, but it generally applies to federal agencies, rather than to state agencies.See 5 U.S.C. § 552(a)(1) (1996) (defining "agency"). The one section of the act that does apply to state and local agencies is Section 7 of the original act [P.L. 93-579], which is set forth in the form of a note to5 U.S.C. § 552a. It places restrictions on the use of social security numbers. This provision does not, however, appear to be implicated under your questions.
It is also possible, although I am not certain, that you are referring to a section of the County Government Code that recognizes a "right to individual privacy" in connection with public records. Arkansas Code Annotated § 14-14-110(b) (Repl. 1998) states that "[p]ersonal records, medical records, and other records which relate to matters in which the right to individual privacy exceeds the merits of public disclosure shall not be available to the public unless the person they concern requests they be made public." One recognized commentator on the Arkansas Freedom of Information Act ("FOIA," A.C.A. §§ 25-19-101 et seq. (Repl. 1996 and Supp. 2001)) has stated the following with regard to this provision:
 The privacy statute for county records extends beyond the FOIA's privacy exemption, which applies only in the context of personnel records. In addition, the county statute seems to contemplate a simple balancing test in which privacy interests and disclosure interests stand on equal footing, while the personnel records exemption in the FOIA requires use of a balancing test that tips the scales in favor of disclosure.
J. Watkins, The Arkansas Freedom of Information Act 158 (3rd ed. 1998).
Assuming that this is the "Privacy Act" to which you refer, I will proceed to address your specific questions.
Question 1 — How is an elected official to respond if there is aconflict between FOI and the Privacy Act?
The answer to this question will likely depend upon the particular record at issue. It is my opinion as a general proposition of law that A.C.A. §14-14-110(b), the privacy statute for county records, may exempt certain records from public inspection and copying that would not otherwise be exempt under the FOIA. A record not falling within a specific exemption in the FOIA may nevertheless, it seems, meet the balancing test under the county statute to constitute a "personal record." As noted in the above commentary, the "personal privacy" exemption in the FOIA applies only with respect to personnel records,[1] whereas the county statute exempts "records which relate to matters in which the right to individualprivacy exceeds the merits of public disclosure. . . ." A.C.A. §14-14-110(b) (emphasis added). Such records are considered "personal records" and are not to be released unless the subject requests their release. Id. The county provision thus contains a broader privacy exemption than the FOIA.
Whether there is an actual "conflict" between the two laws in such a case, i.e., where no specific FOIA exemption applies but the record constitutes a "personal record" under the county privacy statute, is somewhat unclear. It may be more accurate to state that the county statute in that instance "specifically" provides for nondisclosure of the particular record, as required by the FOIA under A.C.A. § 25-19-105(a) wherein it states that all public records are open to inspection and copying "[e]xcept as otherwise specifically provided by this section orby laws specifically enacted to provide otherwise. . . ." (Emphasis added). In any event, regardless of the characterization, I believe the county statute will operate in that instance as a specific exception to the FOIA.
The possibility of an actual conflict between the FOIA and the county privacy statute should be noted, however. For instance, in the case of personnel records, the balancing test under the FOIA may require disclosure of a particular record that would arguably not be open to the public under the county statute's so-called "simple balancing test." TheArkansas Freedom of Information Act, supra (noting that the FOIA "tips the scales in favor of disclosure [of personnel records].") It is my opinion that the FOIA exemption would be controlling in that case as the more specific statute. See generally Sunbelt Courier v. McCartney,31 Ark. App. 8, 786 S.W.2d 121 (1990), aff'd 303 Ark. 522, 798 S.W.2d 92
(1990) (holding that where two statutes address the same subject, and one of them is more specific, the one that is more specific will govern). Similarly, a conflict may arise with respect to records that constitute "employee evaluation or job performance records" under the FOIA. See
A.C.A. § 25-19-105(c)(1) (Supp. 2001). It is my opinion that this specific exemption will apply rather than the county general privacy statute.
It is apparent from the foregoing that a conclusive determination regarding any conflict between the FOIA and A.C.A. § 14-14-110(b) will depend upon the particular county record(s) being sought pursuant to either law.
Question 2 — What is an elected official allowed to lawfully notprovide under the two pieces of legislation?
The above discussion will hopefully offer general guidance in addressing this question, which can only be satisfactorily resolved with respect to specific records. Because you have made reference to records kept by a duly elected coroner, it is appropriate to consider any other specifically applicable statutes in this regard. Records created and maintained by a county coroner are, of course, generally subject to inspection and copying under the Arkansas FOIA, unless specifically exempted from such. One other specific statute (in addition to §14-14-110) that must be considered in the case of coroners' records is A.C.A. § 14-15-304 (Repl. 1998), which states:
 (a) Records gathered and created during the course of a coroner's investigation shall be confidential and deemed exempt from the Freedom of Information Act of 1967, § 25-19-101 et seq., but only until such time that the coroner issues his final report.
 (b) Confidential medical information gathered during the course of the investigation shall remain exempt from public inspection and copying except as quoted in the coroner's final report.
It is my opinion that this specific exception to the FOIA with respect to a coroner's investigation will apply as to such records, rather than A.C.A. § 14-14-110. As noted above, this latter statute creates an exception for county records that constitute "personal records" under the stated balancing test. This county privacy statute could conceivably come into play with respect to other public records relating to the coroner's office. Regarding "[r]ecords gathered and created during the course of a coroner's investigation[,]" however, it is my opinion that A.C.A. §14-15-304 will apply as the more specific statute. See generally SunbeltCourier v. McCartney, supra.
With regard to death certificates, which are specifically mentioned in your request, it must be noted that in accordance with specific provisions of the Vital Statistics Act, death certificates and other vital records maintained by the Department of Health may not be disclosed except as authorized by statute or regulation and are generally available only to certain specified individuals. See A.C.A. §§ 20-18-304 (a) and -305(1) (Repl. 2000). Such records may, however, be subject to disclosure when located elsewhere. See, e.g., Op. Att'y Gen. 97-177 (opining that birth certificates in the personnel files of public employees are not exempt). While it is thus possible that the FOIA could require a coroner's disclosure of death certificates, A.C.A. §§ 14-14-110 and14-15-304, supra, should also be noted. I am not entirely certain as to the various circumstances under which a coroner might maintain death certificates, and am thus unable to determine whether the county privacy statute (§ 14-14-110, supra) could be implicated. If, however, the requested certificate was created during the course of an investigation, it seems that § 14-15-304(a) will require nondisclosure, but only until such time that the coroner issues his final report. See also A.C.A. §14-15-304(b), supra, regarding "confidential medical information."
It becomes apparent that the particular surrounding circumstances must be considered with regard to the release of death certificates. Consequently, I cannot offer a conclusive opinion on the matter.
Question 3 — Is there a limitation period for how far back records can berequested?
The answer to this question is, generally, "no." There is no general limitation period with respect to a request for coroners' records.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Section 25-19-105 exempts "[p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy[.]" A.C.A. § 25-19-105 (12) (Supp. 2001).