The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, Arkansas 72116
Dear Representative Vess:
This letter is a response to your request for an opinion regarding various questions about local retirement plans. You have presented the following specific questions:
 (1) Does Act 851 of 1991 (A.C.A. § 24-8-315) only apply to counties divided into two (2) districts and which have two (2) county seats?
 (2) Assuming that a municipality has not established a Board of Trustees and no fees have been assessed to fund the municipal court retirement plan under A.C.A. § 24-8-315,[1] would this constitute a "legally established state plan" as contemplated under A.C.A. § 24-2-302?
 (3) Would this not mean the municipal judge also is not a member of "another retirement system" for the purposes of A.C.A. § 24-4-101(7)(B)?[2]
 (4) Despite the absence of a board to administer or the funding of a plan as contemplated by A.C.A. § 24-8-315, can it be said that a municipal judge is a member of an existing plan?
 (5) Can a municipal judge ever be said to be a member of or eligible for membership in a non-existing plan absent receipt of the approval of a majority of the municipality's governing body as required by A.C.A. § 24-8-307?
 (6) Again, assuming that the municipality has not taken any steps to establish a plan under A.C.A. § 24-8-315, how could a local municipal judge retirement plan be considered "legally established?"
 (7) Assuming that A.C.A. § 24-8-315 was fully complied with, would this be considered a "state" retirement plan for the purposes of A.C.A. § 24-2-302(4)?
 (8) Would the fact that the governing body of the municipality has not approved retirement eligibility for the municipal judge as required by A.C.A. § 24-8-307, require the conclusion that the municipal judge is not "eligible for benefits" as contemplated by A.C.A. § 24-4-101(7)(B)?
 (9) Is there any significance to the omission of the municipal judge retirement plan that would modify your reliance on A.C.A. § 24-2-302(4)?
 (10) Assuming that the municipality has become a participating public employer for APERS purposes but has not made any contribution to APERS on behalf of the municipal judge, how would the municipal judge receive credited service in APERS?
 (11) Would the municipality or municipal judge be responsible for past due contributions to APERS?
RESPONSE
Question 1 — Does Act 851 of 1991 (A.C.A. § 24-8-315) only apply tocounties divided into two (2) districts and which have two (2) countyseats?
It is my opinion that A.C.A. §§ 24-8-315(a)(b)(c)(d) and (e) apply only to counties that are divided into two districts and which have two county seats, and in which the municipal court is funded primarily by the county. It is my opinion that A.C.A. § 24-8-315(f) applies to municipalities that are not located in the counties governed by sections (a) — (e).
The counties in Arkansas that have two county seats are: Arkansas County, Carroll County, Clay County, Craighead County, Logan County, Mississippi County, Prairie County, Sebastian County, and Yell County. With regard to municipal judges' retirement plans, all municipalities that are located in counties others than those listed above are governed by A.C.A. § 24-8-302, which automatically creates a board of trustees to administer the municipal judges' retirement plans in those cities.
Question 2 — Assuming that a municipality has not established a Board ofTrustees and no fees have been assessed to fund the municipal courtretirement plan under A.C.A. 24-8-315, would this constitute a "legallyestablished state plan" as contemplated under A.C.A. § 24-2-302?
The hypothetical situation that you have set forth in your question appears to be based upon the assumption that the municipality described therein is governed by A.C.A. § 24-8-315. Please keep in mind that if the municipality is not located in one of the above-listed counties, and if its municipal court is not funded primarily by the county, it is not governed by A.C.A. § 24-8-315. Rather, it is governed by A.C.A. §24-8-302, and a board of trustees to administer its municipal judges' retirement plan has been established by operation of law.
Assuming, however, that the municipality that you have described in your question is located in one of the counties listed above and is governed by A.C.A. § 24-8-315, the situation that you have described could indicate that certain governmental bodies have failed to carry out their legal responsibilities (as explained more fully below), but does not necessarily indicate that no plan exists. Please note that in counties to which A.C.A. § 24-8-315 is applicable, the responsibility for establishing a board of trustees is given to the county quorum court, not to the municipality.
If the quorum court in a county governed by A.C.A. § 24-8-315 has not established a board of trustees under § 315, and if no fees have been assessed for funding of the municipal court retirement plan, it is my opinion that the quorum court may nevertheless have legally established a state plan, as contemplated under A.C.A. § 24-2-302. The existence of such a plan does not depend upon the establishment of a board of trustees and the assessment of fees for funding. Rather, the existence of such a plan depends upon whether the quorum court took valid action under the laws and ordinances governing it when it opted for such a plan. The question of whether or not the plan was "legally established", therefore, would be governed by the laws and ordinances addressing the acts of quorum courts, and would be a fact question, the answer to which would depend upon the specifics of the situation. If the county quorum court's action of opting to create a municipal court retirement plan was invalid under the laws and ordinances governing acts of the court, or if the court never took any action to express a choice to create such a plan, then there would be no "legally established state plan" as contemplated under A.C.A. § 24-2-302. By contrast, if the court's act of opting to create a municipal court retirement plan was valid, then the lack of a board of trustees and the failure to assess fees for funding would not result in a conclusion that the plan had not been legally established.
Again, however, if the municipality in question is not located in one of the counties listed in the response to Question 1 and is not governed by A.C.A. § 24-8-315, it already has a board of trustees and a legally established retirement plan for municipal judges by operation of law.
Question 3 — Would this not mean the municipal judge also is not a memberof "another retirement system" for the purposes of A.C.A. §24-4-101(7)(B)?
It is my opinion that if the municipal judge in question is employed by a municipality that is not located in a county governed by A.C.A. §24-8-315 (i.e., one of the counties listed in the response to Question 1), he is automatically eligible for or a member of a local plan that has been created by operation of law pursuant to A.C.A. § 24-8-301 et seq.,
unless his municipality has elected to place him in APERS pursuant to the provisions of A.C.A. § 24-9-315(f). See Att'y Gen. Op. No. 88-340, a copy of which is attached.
It is my opinion, on the other hand that if the municipal judge in question is employed by a municipality that is governed by A.C.A. §24-8-315, and that if the quorum court of that county has not taken action to express a choice to create a municipal court retirement plan, or if the quorum court's act of doing so was invalid, the municipal judge in that county would not be a member of or eligible for "any other retirement system" for purposes of A.C.A. § 24-4-101(7)(B).[3]
However, if the quorum court in that county (i.e., one that is governed by A.C.A. § 24-8-315) has taken such action (and that action was valid under the laws and ordinances governing the quorum court), it is my opinion that the municipal judge would be "eligible for" or a "member of" another retirement system for purposes of A.C.A. § 24-4-101(7)(B), even if no board of trustees has been established, and no fees have been assessed for funding the plan.
Question 4 — Despite the absence of a board to administer or the fundingof a plan as contemplated by A.C.A. § 24-8-315, can it be said that amunicipal judge is a member of an existing plan?
It is my opinion that if the municipal judge in question is employed by a municipality that is not governed by A.C.A. § 24-8-315, he is automatically eligible for or a member of an existing plan that was created by operation of law (unless his municipality has validly elected to place him in APERS pursuant to the provisions of A.C.A. § 24-9-315(f)).
It is my opinion that if the judge in question is employed by a county that is, in fact, governed by A.C.A. § 24-8-315, it can be also be said that a municipal judge is a member of or eligible for an existing plan, despite the absence of a board of trustees and funding. The rationale for my opinion with regard to this question is set forth in full in response to Question No. 2.
Question 5 — Can a municipal judge ever be said to be a member of oreligible for membership in a non-existing plan absent receipt of theapproval of a majority of the municipality's governing body as required byA.C.A. § 24-8-307?
It is my opinion that a municipal judge cannot be a member of or eligible for membership in a "non-existing plan" under any circumstances. However, please note that because municipal court retirement plans are created by operation of law under the provisions of A.C.A. § 24-8-301 etseq., the only municipalities in which such a plan could conceivably be "non-existing" are those located in counties governed by A.C.A. §24-8-315 (i.e., the counties listed in the response to Question 1, supra). A municipal court retirement plan could not be "non-existing" in a municipality that is not governed by A.C.A. § 24-8-315. The term "non-existing," as I use it, means a plan that was never created by a valid act of the county quorum court in a county governed by A.C.A. §24-8-315. I do not use the term "non-existing" to mean a plan for which an administering board has not been created and/or for which funding has not been provided.
Please also note that the approval required by A.C.A. § 24-8-307 is a prerequisite to eligibility to receive retirement benefits after havingvested in the system and having reached eligibility for retirement; it is not a prerequisite to membership in any retirement plan.
Question 6 — Again, assuming that the municipality has not taken anysteps to establish a plan under A.C.A. § 24-8-315, how could a localmunicipal judge retirement plan be considered "legally established"?
As stated previously, a municipality that is not governed by A.C.A. §24-8-315 need not take any steps in order to establish a municipal court retirement plan. Municipal court retirement plans are established by operation of law in those municipalities.
As to the failure of a municipality that is governed by A.C.A. §24-8-315 to establish a plan, please see my response to Question No. 2.
Question 7 — Assuming that A.C.A. § 24-8-315 was fully complied with,would this be considered a "state" retirement plan for the purposes ofA.C.A. § 24-2-302(4)?
It is my opinion that a retirement plan that was created in full compliance with A.C.A. § 24-8-315 by a municipality that is governed by that section would be a "state" retirement plan for purposes of A.C.A. §24-2-302(4).
Because the language of A.C.A. § 24-2-302(4) (particularly the reference to "state retirement plans"), makes a general statement of who is eligible and who must be excepted from eligibility for membership in APERS, that language must be interpreted by reference to A.C.A. §24-4-101(7)(B), which more specifically outlines who is to be excepted from eligibility for membership. This reference to another statutory section is appropriate under the rule of statutory interpretation which states that statutes addressing the same subject must be construed together. HMO Arkansas v. Dunn, 310 Ark. 762, 840 S.W.2d 804 (1992).
A.C.A. § 24-4-101(7)(B) specifically describes certain person who are not to be considered "employees" (i.e., persons who are not to be considered eligible to participate in APERS). Among those described are persons who are "members of, or eligible for benefits under or membership in any other retirement system . . . which retirement system is supported by state funds or is authorized by the laws of the state." A.C.A. §24-4-101(7)(B). This more detailed description of who is to be excepted from APERS sheds light on the broader statement set forth in A.C.A. §24-2-302(4). The Arkansas Supreme Court has held that where two statutes address the same subject, and one of them is more specific, the one that is more specific will govern. See, e.g., Sunbelt Courier v. McCartney,31 Ark. App. 8, 786 S.W.2d 121 (1990), aff'd 303 Ark. 522, 798 S.W.2d 92
(1990); Thomas v. Easley, 277 Ark. 222, 640 S.W.2d 797 (1982). The two statutes in question here — A.C.A. §§ 24-4-101(7)(B) and 24-2-302(4) — address the same subject: Who is to be excluded from APERS. But A.C.A. §24-4-101(7)(B) is more specific. Therefore, it must govern. For that reason, I conclude that a "state retirement plan" as contemplated by A.C.A. § 24-2-302(4) is one that is supported by state funds or is authorized by the laws of the state, as provided under A.C.A. §24-4-101(7)(B).
Accordingly, I conclude that if A.C.A. § 24-8-315 were fully complied with by a municipality that is governed by that section, the retirement plan created thereunder would constitute a "state retirement plan," because it is authorized by the laws of the state.
Question 8 — Would the fact that the governing body of the municipalityhas not approved retirement eligibility for the municipal judge asrequired by A.C.A. § 24-8-307, require the conclusion that the municipaljudge is not "eligible for benefits" as contemplated by A.C.A. §24-4-101(7)(B)?
It is my opinion that if a municipal judge who would otherwise qualify for benefits is denied the approval required by A.C.A. § 24-8-307 for receiving benefits, then it could be concluded that the judge is not "eligible for benefits" as contemplated by A.C.A. § 24-4-101(7)(B). However, it is pertinent to note that as stated previously in response to Question No. 5, the approval required under A.C.A. § 24-8-307 is a prerequisite to eligibility to receive benefits after having vested in a retirement system and reaching eligibility for retirement; it is not a prerequisite to eligibility to participate in the system. It is also pertinent to note that a conclusion that a judge is not "eligible for benefits" does not automatically take him out of the exception created by A.C.A. § 24-4-101(7)(B). That is, it does not automatically make him eligible to participate in APERS. The exception set forth in A.C.A. §24-4-101(7)(B) also excludes from participation persons who are "members of" or are "eligible for membership in" another state retirement system.
Question 9 — Is there any significance to the omission of the municipaljudge retirement plan that would modify your reliance on A.C.A. §24-2-302(4)?
It is not clear from your question what reliance on A.C.A. § 24-2-302(4) you are referring to. A.C.A. § 24-2-302(4) states in broad terms who may and who may not participate in APERS. Any judge who serves in a first or second class municipality that is not governed by A.C.A. § 24-8-315 is automatically ineligible to participate in APERS (unless the municipality has validly elected to place him in APERS pursuant to the provisions of A.C.A. § 24-8-315(f)), because those municipalities have retirement plans by operation of law. Therefore the municipal judges in those municipalities are automatically eligible for those local retirement plans.
If, however, a particular judge (who would otherwise be eligible for participation in APERS) serves in a municipality that is governed by A.C.A. § 24-8-315, and the county quorum court failed to establish a municipal court retirement plan, then I would conclude that he is eligible to participate in APERS.[4]
Question 10 — Assuming that the municipality has become a participatingpublic employer for APERS purposes but has not made any contribution toAPERS on behalf of the municipal judge, how would the municipal judgereceive credited service in APERS?
It is my opinion that municipalities which elect to become participating public employers for APERS purposes must nevertheless provide municipal judges with the retirement plan that is mandated under the provisions of A.C.A. § 24-8-301 et seq., unless they have elected to place the judge in question in APERS pursuant to the election made available in A.C.A. §24-8-315(f). If a municipality has elected under § 315(f), it must have done so within ninety days of July 15, 1995, or at the time of employment of the employee in question. The decision to elect under § 315(f) must be made by the municipality's governing body and certified to APERS. If a valid election under § 315(f) is not made, these municipalities must have separate plans for their municipal judges. I base this conclusion upon the mandatory nature of those statutory provisions. Those judges, therefore, may not participate in APERS under the restrictions set forth in A.C.A. § 24-4-101(7)(B), since they are eligible for another plan. It follows that if the municipality about which you have inquired is a participating public employer and has not elected under § 315(f), it should not have been making contributions for the municipal judge in question. Therefore, this judge cannot receive credited service in APERS.
If, however, the municipality had validly elected under § 315(f), but had failed to make the required contributions on the judge's behalf, it would be necessary for the judge to take legal action to enforce his right to have contributions to APERS made on his behalf for the time period during which such right existed. If the judge were successful in that legal action, the logistics of how the enforcement would be carried out would be a matter for the court to decide. A court may direct that the procedure set forth for restoration of credit under other circumstances be followed.
For example, A.C.A. § 24-4-506 provides for the restoration of credited service for persons who forfeited credited service because the municipalities by whom they were employed withdrew from APERS. These persons, after again becoming eligible for APERS, can restore their forfeited credit by: (1) Applying to APERS for restoration; (2) Paying to APERS all of their employee contributions for the time period of credited service, plus interest; and (3) Having the municipality pay to APERS the employer contributions for the employee for the time period of credited service, plus interest.
Similarly, A.C.A. § 24-4-739 provides for the restoration of credited service and the establishment of subsequent service for persons who were removed from APERS because of their eligibility to participate in another state retirement system. These persons can restore lost credited service or estalbish subsequent credited service by "paying or causing to be paid" to APERS the contributions for the prior service and for the subsquent service. Presumably, these contributions would include both employee and employer contributions.
If the court chose to employ the same procedures as those set forth in A.C.A. §§ 24-4-506 and -739, it would direct the municipality to pay to APERS all employer contributions that would have been paid on the judge's behalf for the time period during which the judge should have received credit. It would be necessary for the judge to pay to APERS all employee contributions that he would have paid during the time period for which he wishes to receive credited service.
Question 11 — Would the municipality or municipal judge be responsiblefor past due contributions to APERS?
If the municipality in question validly elected to place the municipal judge in APERS pursuant to A.C.A. § 24-4-315(f), but failed to make contributions on his behalf, and if the judge successfully enforced his right to such contributions, it is my opinion that the respective responsibilities for past contributions would be determined by the court. However, it is likely that the court would require the municipal judge to be responsible for past employee contributions and the municipality to be responsible for past employer contributions. This position is supported by the fact that these would have been the respective legal responsibilities under A.C.A. §§ 24-4-401 (which addresses employee contributions) and -402(c)(1) (which adresses employer contributions), had participation been normal.
If, however, the municipality did not validly elect under § 315(f), the municipal judge in question would be ineligible to participate in APERS, despite the fact that the municipality was a participating public employer. Under those circumstances, your question would be moot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] In several of your questions about the establishment of retirement plans, you have made reference to their establishment under A.C.A. §24-8-305. Because § 305 deals with entitlement to benefits, rather than with the establishment of municipal court retirement plans, I assume that these references were typographical errors, and that you meant to refer to A.C.A. § 24-8-315. Therefore, in restating your questions, I have changed all references to A.C.A. § 24-8-305 to state A.C.A. § 24-8-315.
[2] Question 3, as worded in your correspondence, stated A.C.A. §24-4-107(7)(B). Because no such section exists, I assume that this was a typographical error, and that you meant to state A.C.A. §24-4-101(7)(B).
[3] This conclusion is based upon the assumption that the judge was not participating in some other plan not under consideration in this opinion.
[4] This conclusion is based upon the assumption that the judge is not eligible to participate in any other state retirement plan.