522

SUNBELT COURIERS and Liberty Mutual Insurance
Company *v.* Joan McCARTNEY

90-90                                                    798 S.W.2d 92

Supreme Court of Arkansas
Opinion delivered November 5, 1990

*Friday, Eldredge & Clark,* by: *James C. Baker, Jr.,* for appellant.

*Pope, Shamburger, Buffalo & Ross,* by: *John K. Shamburger* and *Brad A. Cazort,* for appellee.

ROBERT H. DUDLEY, Justice. In 1986, Daniel McCartney was accidentally killed while acting in the course of his employment with appellant Sunbelt Couriers. Following his death, his widow, appellee Joan McCartney, filed for widow's worker's compensation benefits. The Administrative Law Judge upheld her claim. Appellants, Sunbelt Couriers and Liberty Mutual Insurance Company, appealed to the full commission. On January 2, 1990, the full commission affirmed the decision of the law judge and mailed notice of its decision to appellants. Ark. Code Ann. § 11-9-711(b) provides that an order or award becomes final unless appealed "within 30 days from receipt . . . of the order or award. . . ." Appellants filed their notice of appeal on February 2, 1990, which was within thirty (30) days of the receipt of the order. However, it was thirty-one (31) days after the commission's decision, and Rule 4 of the Arkansas Rules of Appellate

Procedure provides that a notice of appeal must be filed within thirty (30) days from the entry of the judgment. The appellee filed a motion in the Court of Appeals asking that the appeal be dismissed because it was not filed within thirty (30) days from the entry of the judgment. The Court of Appeals declined to dismiss the appeal and asked us to review the matter. The appellants then filed a petition for certiorari. We granted the petition. We affirm the ruling by the Court of Appeals.

If the statute governed the notice of appeal it was timely filed, but if the rule governed, it was not. In her motion to dismiss, the appellee relies on the inherent authority of this court to make rules of procedure, on Act 38 of 1973, which additionally authorized this court to make rules, and on the Supersession Rule, all of which, she contends, make Rule 4 of the Rules of Appellate Procedure govern.

In *Curtis* v. *State*, 301 Ark. 208, 783 S.W.2d 47 (1990), we explained that when the purpose of a rule is to provide for the establishment or maintenance of the efficient administration of judicial business, and it does only that, the scope of the court's rule-making power is supreme. Obviously, if we intended for Rule 4 of the Rules of Appellate Procedure to govern appeals from the Worker's Compensation Commission, the statute would be superseded.

We did not intend for Rule 4 to govern appeals from the Worker's Compensation Commission. We intended for the Rules of Appellate Procedure to govern appeals from circuit, chancery, and probate courts; we did not intend it to apply to appeals from state agencies. See Ark. R. App. P. 2(a). One reason is that many agencies and commissions, such as the Worker's Compensation Commission, do not have an office comparable to a clerk of the court where agency orders are known by the public to be filed and immediately available. There is no known office where agency orders are "entered." Rule 4(a) provides "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, . . . ." "Entry" occurs when a judgment or order is filed with the clerk of the court. Similarly, we have held that appeal provisions of the Administrative Procedure Act, instead of the Rules of Civil Procedure, govern the review of an agency decision. *Whitlock* v. *G.P.W. Nursing Home, Inc.,* 283 Ark. 158, 672 S.W.2d 48

524

(1984).

Accordingly, we affirm the holding of the Court of Appeals and remand the case to that court for a decision on the merits.

TURNER, J., not participating.