Henry ROGERS *v.* INTERNATIONAL PAPER COMPANY

CA 98-939                                          988 S.W.2d 23

Court of Appeals of Arkansas
Division I
Opinion delivered March 17, 1999

*The Cortinez Law Firm PLLC*, by: *Robert R. Cortinez Sr.*, for appellant.

*Bridges, Young, Matthews & Drake PLC*, by: *Michael J. Dennis*, for appellee.

WENDELL L. GRIFFEN, Judge. Henry Rogers appeals from a decision on April 10, 1998, by the Arkansas Workers' Compensation Commission that dismissed his appeal from the Administrative Law Judge's (ALJ) decision. Appellant maintains that the dismissal of his appeal was error because the filing of his motion for reconsideration extended the time allowed for his notice of appeal. We affirm the dismissal of the claim.

Appellant filed a claim with the Workers' Compensation Commission for injuries to his neck and lower back suffered on May 21, 1993. Appellant was towing a large piece of heavy equipment when the equipment struck the vehicle he was driving. In an opinion filed on January 14, 1998, the ALJ denied temporary total benefits to the appellant from June 4 to July 12, 1993. Appellant received this opinion on January 15, 1998.

Appellant filed a motion before the ALJ for reconsideration on January 20, 1998. The ALJ denied appellant's motion on January 28, 1998. Appellant then appealed the decision to the Full Commission on February 23, 1998. Appellee filed a motion to dismiss, asserting that the notice of appeal was untimely. The Commission dismissed the appeal based upon Ark. Code Ann. § 11-9-711(a) (Repl. 1996).

Appellant argues that a timely motion for reconsideration or rehearing extends the time to file a notice of appeal to thirty days from the ruling on the motion. He also contends that because there is no provision in the statute for postjudgment motions, the procedure of Rule 4 of the Rules of Appellate Procedure regard-

ing postjudgment motions should apply. The appellee contends that the appellate rules do not apply to cases before the Workers' Compensation Commission, and that any confusion regarding postjudgment motions and time for appeals was resolved by the latest case discussing the issue: *Hill v. Travenol Labs., Inc.*, 24 Ark. App. 116, 748 S.W.2d 356 (1988).

■ Initially, it should be noted that the Arkansas Rules of Civil Procedure do not apply to proceedings before the Workers' Compensation Commission. *Tracor/MBA v. Artissue Flowers*, 41 Ark. App. 186, 850 S.W.2d 30 (1993). Arkansas Code Annotated section 11-9-711, as a special statute governing appeals only in workers' compensation cases, was intended to remain in force as an exception to the later and more general enactment of the Rules of Appellate Procedure. *Sunbelt Couriers v. McCartney*, 31 Ark. App. 8, 786 S.W.2d 121, aff'd 303 Ark. 522, 798 S.W.2d 92 (1990). Moreover, the Rules of Appellate Procedure "govern the procedure in civil appeals to the Arkansas Supreme Court or Court of Appeals." *See* Rule 1, Rules of Appellate Procedure. Thus, we are not persuaded by appellant's argument that Rule 4 of the Rules of Appellate Procedure applies to his appeal to the Commission from a decision rendered by an Administrative Law Judge.

■ The Commission found that appellant's notice of appeal was not timely based upon Ark. Code Ann. § 11-9-711 (1996), which provides:

> (a) Award or Order of Administrative Law Judge or Single Commissioner — Review. (1) A compensation order or award of an administrative law judge or a single commissioner shall become final unless a party to the dispute shall, within thirty (30) days from the receipt by him of the order or award, petition in writing for a review by the full commission of the order or award.

No provision of the statute addresses any changes in the time for the notice of appeal where a post-award motion has been filed. We have stated that the time for appeal in workers' compensation cases is a matter for the legislature, and accordingly, we have

rejected arguments for a more liberal view of timely appeals. *Lloyd v. Potlatch Corp.*, 19 Ark. App. 335, 721 S.W.2d 670 (1986).

■ Our cases have stated the blanket rule that "[i]f a notice of appeal is not received by the Commission within thirty days, the decision becomes final and the Commission is without authority to review the case." *Tracor/MBA*, 41 Ark. App. at 189, 850 S.W.2d at 32. No exceptions have been made. In *Hill v. Travenol Labs., Inc.*, 24 Ark. App. 116, 117-18, 748 S.W.2d 356, 356 (1988), we stated that even though "the Commission has the authority to consider a motion for rehearing which is filed within the thirty days allowed for an appeal . . . the filing of a motion for reconsideration . . . does not extend the time to file the notice of appeal." (Citations omitted.) The timeliness argument in that case involved an appeal from the Commission to this court, not an appeal from the ALJ to the Commission.

The rule seems to have been muddled somewhat in the past by the statement in cases such as *Lloyd, supra,* that "there was no timely appeal from the law judge's decision [awarding claimant permanent partial disability], or from his denial of the petition for rehearing of that decision." 19 Ark. App. at 342. In none of the cases cited by appellant did the court hold that the motion for reconsideration extended the time for appeal. The court in those cases simply noted that the notice of appeal was not timely because it was not within thirty days from either date considered. The language cited by appellant amounts to dicta.

■ The provisions regarding appeals from the ALJ to the Commission and appeals from the Commission to this court are identical: the lower decision becomes final if no appeal is sought within thirty days. *See* Ark. Code Ann. § 11-9-711(a) and (b). Thus, the rule in *Hill, supra,* is applicable to this case involving an appeal from the ALJ to the Commission. Any confusion created in *Lloyd, supra,* and similar cases, was clarified by our decision in *Hill.* Lastly, the language of the statute clearly states that an award is final where no notice of appeal is sought within thirty days of its receipt. *See* Ark. Code Ann. § 11-9-711 (1996). The clear language of the statute controls. *Hercules, Inc. v. Pledger*, 319 Ark.

702, 894 S.W.2d 576 (1995). Accordingly, we find no error in the Commission's dismissal of appellant's claim.

Affirmed.

MEADS and BIRD, JJ., agree.