The Honorable Raymond Simon, Director Arkansas Department of Education 4 State Capitol Mall Little Rock, AR 72201-1071
Dear Mr. Simon:
You have requested an Attorney General opinion concerning the licensure of teachers.
Your questions are:
 (1) Is A.C.A. § 17-1-103 applicable to the Arkansas Department of Education with respect to teacher licensure, and if so, to what extent?
 (2) Under A.C.A. § 6-17-410, does the Arkansas Department of Education have the discretion to deny, for cause, a teacher license to a first-time applicant or an applicant for license renewal based upon the fact that the applicant has pled guilty or nolo contendere to, or has been found guilty of, a felony not listed in subsection (c) of A.C.A. § 6-17-410?
RESPONSE
Question 1 — Is A.C.A. § 17-1-103 applicable to the Arkansas Departmentof Education with respect to teacher licensure, and if so, to whatextent?
It is my opinion that A.C.A. § 17-1-103 is generally applicable to the State Board of Education.[1] However, as explained more fully below, in the event of a conflict between A.C.A. § 17-1-103 and the statutes that specifically govern the State Board of Education, the specific statutes will apply, rather than A.C.A. § 17-1-103.
A.C.A. § 17-1-103 was enacted as a part of Act 280 of 1973, the purpose of which was to encourage the rehabilitation of criminal offenders. To that end, the statute addressed the manner in which criminal convictions could be considered in determining a criminal offender's eligibility for licensure, registration, or certification.
The statute states in full:
 (a) It is the policy of the State of Arkansas to encourage and contribute to the rehabilitation of criminal offenders and to assist them in the assumption of the responsibilities of citizenship. The public is best protected when offenders are given the opportunity to secure employment or to engage in a meaningful trade, occupation, or profession.
 (b) Subject to the provisions of subsection (c) of this section, in determining eligibility under this section, the board, commission, department, or agency may take into consideration conviction of certain crimes which have not been annulled, expunged, or pardoned. However, such convictions shall not operate as an automatic bar to registration, certification, or licensing for any trade, profession, or occupation.
 (c) The following criminal records shall not be used, distributed, or disseminated in connection with an application for a registration, license, or certificate:
 (1) Records of arrest not followed by a valid felony conviction by the courts;
 (2) Convictions which have been annulled or expunged or pardoned by the Governor; and
 (3) Misdemeanor convictions, except misdemeanor sex offenses and misdemeanors involving violence.
 (d) The board, commission, department, or agency shall state explicitly in writing the reasons for a decision which prohibits the applicant from practicing the trade, occupation, or profession if the decision is based in whole or in part on conviction of a felony.
 (e) For the purposes of this section, completion of the following shall be deemed prima facie evidence of sufficient rehabilitation:
(1) Probation or parole supervision; and
 (2) A period of five (5) years after final discharge or release from any term of imprisonment in the state penitentiary without any subsequent conviction.
 (f) Any complaints concerning the violation of this section shall be adjudicated in accordance with the procedure set forth in the Arkansas Administrative Procedure Act, as amended, § 25-15-201 et seq., for administrative and judicial review.
 (g) This section shall apply to any board, commission, department, agency, or any other body that deals in licensing or regulating a profession, trade, or occupation in the State of Arkansas.
A.C.A. § 17-1-103 (emphasis added).
The language of Section (g), above, stating the statute's scope of applicability, is clear and unambiguous. It must therefore be construed just as it reads, giving the words their ordinary and usually accepted meaning in common language. Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428
(1986).
Because the State Board of Education is responsible for the licensure of teachers in Arkansas, it is clearly a "board . . . that deals in licensing or regulating a profession, trade, or occupation in the State of Arkansas," within the meaning of A.C.A. § 17-1-103, above.
Nevertheless, I must note that certain statutes that specifically govern the State Board of Education can, under certain circumstances, conflict with A.C.A. § 17-1-103. In the event of a conflict between these statutes, the ones that specifically govern the Board will apply, rather than the provisions of A.C.A. § 17-1-103. For example, A.C.A. § 6-17-410
flatly prohibits anyone who has pleaded guilty or nolo contendere to or has been found guilty of certain listed offenses from receiving or holding a teaching license. A criminal history involving any of these listed offenses acts as an absolute and automatic bar to receiving or holding a teaching license. A similar automatic suspension or revocation of the teaching license on the basis of certain criminal histories is mandated by A.C.A. § 6-17-405. These provisions of Sections — 405 and — 410 clearly are in direct conflict with the provision of A.C.A. §17-1-103(b) that states that prior convictions "shall not operate as an automatic bar to registration, certification, or licensing for any trade, profession, or occupation." In the instances where this conflict arises between A.C.A. § 17-1-103 and A.C.A. § 6-17-405 and — 410, it is my opinion that A.C.A. § 17-1-103 does not apply to the State Board of Education. Rather, the Board in those instances is governed by A.C.A. §6-17-405 and — 410. It is well established in Arkansas that a general statute does not apply when there is a specific statute covering the particular subject. Sunbelt Courier v. McCartney, 31 Ark. App. 8,786 S.W.2d 121 (1990), aff'd 303 Ark. 522, 798 S.W.2d 92 (1990); Thomas v.Easley, 277 Ark. 222, 640 S.W.2d 797 (1982). The provisions of A.C.A. §17-1-103 are general, whereas those of A.C.A. § 6-17-405 and — 410 ARE SPECIFIC.
An example of a situation in which there would be no conflict would be a situation involving a first-time license applicant who had a criminal history involving a felony not listed in A.C.A. § 6-17-410. Because this felony would not act as an absolute bar to licensure in that instance, the two statutes would not conflict, and the Board would be governed by A.C.A. § 17-1-103, which allows the discretion to consider such offenses. See further discussion of this non-conflicting situation in response to Question 2.
For the foregoing reasons, I conclude that in instances where A.C.A. §17-1-103 does not conflict with the statutes that specifically govern the State Board of Education, the provisions of A.C.A. § 17-1-103 do apply to the State Board of Education. However, in instances where a conflict does arise between A.C.A. § 17-1-103 and the statutes that specifically govern the State Board of Education, the provisions of A.C.A. § 17-1-103 will not apply to the Board.
Question 2 — Under A.C.A. § 6-17-410, does the Arkansas Department ofEducation have the discretion to deny, for cause, a teacher license to afirst-time applicant or an applicant for license renewal based upon thefact that the applicant has pled guilty or nolo contendere to, or hasbeen found guilty of, a felony not listed in subsection (c) of A.C.A. §6-17-410?
It is my opinion that the State Board of Education[2] does have the discretion to deny, for cause, a teacher license to a first-time applicant or an applicant for license renewal, based upon the fact that the applicant has pled guilty or nolo contendere to, or has been found guilty of, a felony not listed in subsection (c) of A.C.A. § 6-17-410. I must note that you have specifically asked about felonies not listed in A.C.A. § 6-17-410(c). You have not asked about, nor do I address herein, situations involving other types of previous offenses.
A.C.A. § 6-17-410 states in pertinent part:
 No person shall be eligible to receive or hold a license issued by the board if that person has pleaded guilty or nolo contendere to or has been found guilty of any of the following offenses by any court in the State of Arkansas or of any similar offense by a court in another state or of any similar offense by a federal court: [the statute then goes on to list various criminal offenses]
A.C.A. § 6-17-410(c).
In my opinion, the Board has the discretion to consider felonies other than those listed in A.C.A. § 6-17-410(c), in considering first-time applicants for licenses or applicants for license renewal. This discretion is based upon the provisions of A.C.A. § 17-1-103, discussed in response to Question 1.
The provisions of A.C.A. § 17-1-103 grant licensing bodies the authority to consider felony convictions in determining whether to grant or deny a license. More specifically, it states:
 Subject to the provisions of subsection (c) of this section, in determining eligibility under this section, the board, commission, department, or agency may take into consideration conviction of certain crimes which have not been annulled, expunged, or pardoned. However, such convictions shall not operate as an automatic bar to registration, certification, or licensing for any trade, profession, or occupation.
A.C.A. § 17-1-103(b).
As noted in response to Question 1, this situation involving a felony not listed in A.C.A. § 6-17-410 is an instance in which no conflict would arise between A.C.A. § 17-1-103 and A.C.A. § 6-17-410. The provisions of A.C.A. § 6-17-410 specify certain offenses that are to constitute an automatic bar to licensure. When a felony other than those listed is at issue, it falls within the discretion granted in A.C.A. § 17-1-103. That is, rather than acting as an absolute bar to licensure, this felony may be considered, pursuant to A.C.A. § 17-1-103. The fact that certain felonies are not included on the list of those that constitute an absolute bar to licensure is not an indication that such felonies cannot be considered at all in connection with licensure. Rather, it indicates that those felonies simply will not constitute an automatic bar to licensure. It is in this regard that A.C.A. § 6-17-410 is consistent with A.C.A. § 17-1-103.[3] Thus, in this instance, A.C.A. § 17-1-103 can be used to fill the gap in A.C.A. § 6-17-410, allowing the Board to consider felonies not listed in A.C.A. § 6-17-410.
It should be noted that if the Board chooses to rely upon A.C.A. §17-1-103 as authority for considering a felony not listed in A.C.A. §6-17-410 in connection with an application for licensure, the Board must act within the scope of A.C.A. § 17-1-103 and comply with all requirements of that statute.
My interpretation of the interplay between A.C.A. § 17-1-103 and A.C.A. §§ 6-17-405 and — 410 serves to avert a possible problematic interpretation of the relationship between A.C.A. §§ 6-17-405 and — 410 in situations involving a previous conviction of a felony not listed in A.C.A. § 6-17-410. Section — 405 deals with suspension and revocation of teacher licenses, and Section 410 deals with the grant or denial of licenses to first-time applicants. These two sections both set forth a list of offenses that are to lead to automatic suspension, revocation, or denial of the license (as the case may be). These lists of offenses in the two statutes are identical to one another. However, Section — 405 specifically grants the Board the discretion to revoke or suspend a license on the grounds of an offense not included on the list. Section — 410 does not include a similar provision granting the Board discretion to deny a license to first-time applicants on the basis of offenses not included on the list. Although this difference in the two statutes could be interpreted as an intentional attempt by the legislature to hold previous license holders to a higher standard than first-time license applicants, the fact that neither statute refers to a time-frame during which the offense was committed could lead to the absurd result that a first-time license applicant could be granted a license despite the existence of a previous felony that is not included on the list, and then have the license revoked the following day on the basis of that felony. The Arkansas Supreme Court has held that statutes should not be interpreted in a way that produces an absurd result. See, e.g., Citizensto Establish a Reform Party v. Priest, 325 Ark. 257, 926 S.W.2d 432
(1996); Henson v. Fleet Mtg. Co., 319 Ark. 491, 892 S.W.2d 250 (1995).
My interpretation of the statutes, which allows A.C.A. § 17-1-103 to fill the gap left in Section — 410 avoids this problematic interpretation of the relationship between Sections — 405 and — 410 in situations involving a previous conviction of a felony not listed in A.C.A. § 6-17-410.
Accordingly, I conclude that the Board has the discretion (arising out of A.C.A. § 17-1-103) to deny a license on the basis of a felony that is not listed in A.C.A. § 6-17-410.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Although your question refers to the "Department" of Education, I note that it is the State "Board" of Education that is authorized by state law to grant teaching licenses. A.C.A. § 6-17-401.
[2] Although your question refers to the authority of the "Department" of Education under A.C.A. § 6-17-410, I note that the statute actually refers to the "State Board of Education." As previously noted, it is the State "Board" of Education that is authorized by state law to grant teaching licenses. A.C.A. § 6-17-401.
[3] As noted in response to Question 1, it is in situations involving an offense that is included on the list of offenses in A.C.A. § 6-17-410
that A.C.A. § 6-17-410 conflicts with A.C.A. § 17-1-103.