Cite as 2023 Ark. App. 223

# ARKANSAS COURT OF APPEALS

No. CV-23-133

| | |
|---|---|
| PECO FOODS, INC.; OCCUSURE CLAIMS SERVICES, LLC; AND DEATH & PERMANENT TOTAL DISABILITY TRUST FUND | Opinion Delivered April 12, 2023 |
| APPELLANTS | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION |
| | [NO. G805984] |
| V. | |
| JEFFREY JOHNSON | |
| APPELLEE | MOTION GRANTED |

**PER CURIAM**

Appellants Peco Foods, Inc., and OccuSure Claims Services, LLC, pursuant to Supreme Court Rule 2-2, filed a motion for rule on clerk requesting that this Court order the clerk to accept and lodge the record filed electronically by the Arkansas Workers' Compensation Commission (referred to sometimes herein as the "Commission") on February 21, 2023. We grant the motion.

The relevant facts are as follows: On October 26, 2022, the Commission filed its opinion and order awarding certain benefits to the claimant/appellee. On November 8, 2022, appellants filed a timely notice of appeal and simultaneously filed a motion for reconsideration with the Commission. On November 30, the motion for reconsideration was denied by the Commission; and on February 21, 2023, the Commission electronically

submitted the record to the clerk of the court of appeals for filing. On February 27, the clerk rejected the submission of the record as untimely. Accordingly, appellants filed a motion for rule on the clerk requesting that this court order the clerk to accept and lodge the record from the Commission.

I. *Discussion*

The overarching question in this motion is whether the Arkansas Rules of Appellate Procedure–Civil apply to appeals from the Commission to the Arkansas Court of Appeals. In deciding this issue, we are initially guided by Ark. Code Ann. § 11-9-711 (Repl. 2012), which governs appeals from the Commission to the Arkansas Court of Appeals. Subsection (b)(2) provides, "Appeals from the Commission to the Court of Appeals shall be allowed *as in other civil cases*." (Emphasis added.) Because workers'-compensation appeals are allowed "as in other civil cases," it should naturally follow that the Arkansas Rules of Appellate Procedure–Civil, including Rule 4(b)(1)–(2), should apply to appeals from the Commission.[1] That should be the end of the inquiry. However, the Arkansas Supreme Court has not issued an all-encompassing opinion holding that the Arkansas Rules of Appellate Procedure–Civil apply *in toto* to appeals arising from the Commission. Instead, the supreme court has issued a series of opinions that address individual rules of appellate procedure. For example,

---

[1]We acknowledge that in *Rogers v. International Paper Co.*, 66 Ark. App. 34, 988 S.W.2d 23 (1999), the Arkansas Court of Appeals held that Rule 4(b) does not apply to an *appeal from the administrative law judge to the Commission*. However, the instant case is clearly distinguishable from *Rogers* because, here, we have an *appeal from the Commission to the court of appeals*. Therefore, *Rogers* is inapposite to the case at bar.

in *Sunbelt Couriers v. MacCartney*, 31 Ark. App. 8, 10, 786 S.W.2d 121, 122 (1990), the court of appeals cited *Mid-State Construction v. Sealy*, 26 Ark. App. 186, 761 S.W.2d 951 (1988), and stated "that Ark. R. App. P. 2, which provides that only final orders are appealable, is applicable to appeals from the Workers' Compensation Commission."[2] So, the supreme court has applied Rule 2 to appeals from the Commission. In *Waste Management v. Estridge*, 363 Ark. 42, 46, 210 S.W.3d 869, 872 (2005), the supreme court, quoting *Davis v. C&M Tractor Co.*, 2 Ark. App. 150, 155, 617 S.W.2d 382, 385 (1981), held: "It will be clear from this point on, unless changed by the Supreme Court, that the record must be filed within 90 days from the filing of the notice of appeal as provided by Rule 5 of the Rules of Appellate Procedure." So, the supreme court has applied Ark. R. App. P.–Civ. 5 to Commission appeals. And finally in *Prock v. Bull Shoals Boat Landing*, 2013 Ark. 240, at 3, the Arkansas Supreme Court remanded a case to the Commission because "we deem it necessary to remand to the Commission to settle the record within thirty days in accordance with Rule 6(e) of the Arkansas Rules of Appellate Procedure–Civil." So, the supreme court has applied Ark. R. App. P.–Civ. 6(e) to Commission appeals.

That brings us to issue in the motion at bar and whether Ark. R. App. P.–Civ. 4 applies to appeals from the Commission. Rule 4 generally provides for the time for filing the notice of appeal. And we know that Ark. R. App. P.–Civ. 5, which provides for the time for

---

[2]We note that this court's *Sunbelt Couriers* opinion was affirmed by the supreme court in *Sunbelt Couriers v. McCartney*, 303 Ark. 522, 798 S.W.2d 92 (1990). See further discussion below.

filing the record on appeal—which is directly correlated to the filing of the notice of appeal—

does apply to workers'-compensation claims. *See Waste Management, supra.* It is of particular

importance to understand that Rule 4 was substantially amended in 1999, which renders

cases decided before the 1999 amendment uncertain or questionable precedent. The current

version of Rule 4 provides:

> **(a) Time for Filing Notice of Appeal.**
> Except as otherwise provided in subdivisions (b) and (c) of this rule, a notice of appeal
> shall be filed within thirty (30) days from the entry of the judgment, decree or order
> appealed from. A notice of cross-appeal shall be filed within ten (10) days after receipt
> of the notice of appeal, except that in no event shall a cross-appellant have less than
> thirty (30) days from the entry of the judgment, decree or order within which to file
> a notice of cross-appeal. A notice of appeal filed after the circuit court announces a
> decision but before the entry of the judgment, decree, or order shall be treated as
> filed on the day after the judgment, decree, or order is entered.
>
> **(b) Extension of Time for Filing Notice of Appeal.**
>
> (1) Upon timely filing in the circuit court of a motion for judgment notwithstanding
> the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to
> amend the court's findings of fact or to make additional findings under Rule 52(b),
> a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or
> amend the judgment made no later than 10 days after entry of judgment, the time for
> filing a notice of appeal shall be extended for all parties. The notice of appeal shall be
> filed within thirty (30) days from entry of the order disposing of the last motion
> outstanding. However, if the circuit court neither grants nor denies the motion within
> thirty (30) days of its filing, the motion shall be deemed denied by operation of law
> as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days
> from that date.
>
> (2) A notice of appeal filed before disposition of any of the motions listed in
> paragraph (1) of this subdivision shall be treated as filed on the day after the entry of
> an order disposing of the last motion outstanding or the day after the motion is
> deemed denied by operation of law. Such a notice is effective to appeal the underlying
> judgment, decree, or order. A party who also seeks to appeal from the grant or denial
> of the motion shall within thirty (30) days amend the previously filed notice,

complying with Rule 3(e). No additional fees will be required for filing an amended notice of appeal.

The 1999 amendment to Rule 4 added subsections (b) and (c). Prior to the 1999 amendment, there was a sense of dissatisfaction with then current Rule 4. Parties were filing timely posttrial motions, and some circuit courts were apparently not ruling on the posttrial motions in a timely manner. Because pending posttrial motions could be outstanding for several weeks or months, parties were uncertain as to when to file a notice of appeal. This caused the appeal process to be considerably delayed. To remedy the problem, the Arkansas Supreme Court adopted subdivisions (b)(1)–(2) to Rule 4. Essentially, the supreme court created what we now refer to as the "deemed denied" rule. If certain timely posttrial motions were filed, then the notice of appeal was due not thirty days from the date of the order or judgment appealed from; rather, the notice of appeal was due within thirty days from entry of the order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty days from that date. In effect, the supreme court introduced the concept of extending the time for filing the notice of appeal until posttrial motions were appropriately disposed of. So for the past twenty-three years, in a civil appeal, where certain timely posttrial motions were filed, Rule 4(b)(1) has extended the time for filing the notice of appeal as set forth in the Rule. That brings us to the narrow issue in this motion, and that is whether

5

Rule 4(b)(1) extends the time for filing the notice of appeal in a workers'-compensation appeal where the appellant has filed a timely posttrial motion.

We begin our analysis with Ark. Code Ann. § 11-9-711, which governs appeals from the Commission to the court of appeals and states under subdivision (b)(2) that "[a]ppeals from the Commission to the Court of Appeals shall be allowed as in other civil cases." This statutory provision was relied on by the supreme court in *Waste Management*, *supra*, in holding that the ninety-day period to lodge the record provided in Ark. R. App. P.–Civ. 5(a) is applicable to appeals from the Commission to the court of appeals.

Next, we must review and distinguish *Sunbelt Couriers v. McCartney*, 31 Ark. App. 8, 786 S.W.2d 121 (1990) (*Sunbelt I*), and *Sunbelt Couriers v. McCartney*, 303 Ark. 522, 798 S.W.2d 92 (1990) (*Sunbelt II*). It should be noted from the outset that *Sunbelt I* and *Sunbelt II* were decided before the adoption of the 1999 amendment to Rule 4. In *Sunbelt I*, the appellant attempted to appeal a decision of the Commission. There was a direct conflict between § 11-9-711(b) and Rule 4. Section 11-9-711(b) provided that the notice of appeal must be filed within *thirty days of receipt* of the decision. Rule 4 provided that the notice of appeal must be filed within *thirty days of the filing* of the decision. The appellant filed its notice of appeal from the Commission to the Arkansas Court of Appeals on the thirty-first day following the receipt of the order. The appellee moved to dismiss, arguing that Rule 4 requires that the notice of appeal shall be filed within thirty days of filing of the order. The appellant responded and argued that § 11-9-711(b) requires the notice to be filed within thirty days of receipt of the notice. The court of appeals rightly stated, "The issue to be

6

decided is whether Ark. Code Ann. § 11-9-711(b) has been superseded by Rule 4 of the Rules

of Appellate Procedure. We hold that the statute has not been superseded." *Sunbelt I*, 31

Ark. App. at 9, 786 S.W.2d at 122. The court of appeals then explained:

> Appellee argues that § 11-9-711(b) has been "preempted" by Rule 4, citing *Curtis v. State*, 301 Ark. 208, 783 S.W.2d 47 (1990). She also relies on Rule 1 of the Rules of Appellate Procedure which states, "[t]hese rules shall govern procedure in appeals to the Arkansas Supreme Court or Court of Appeals." She correctly argues that timely notice of appeal is jurisdictional. *LaRue v. LaRue*, 268 Ark. 86, 593 S.W.2d 185 (1980). She also directs us to our decisions which hold that Ark. R. App. P. 2, which provides that only final orders are appealable, is applicable to appeals from the Workers' Compensation Commission. *See, e.g.*, *Mid-State Constr. v. Sealy*, 26 Ark. App. 186, 761 S.W.2d 951 (1988).

*Sunbelt I*, 31 Ark. App. at 10–11, 786 S.W.2d at 122. The court of appeals held:

> We also note that the Rules of Appellate Procedure are broad and general in their scope while Ark. Code Ann. § 11-9-711 may be characterized as a "special" statute governing appeals only in workers' compensation cases. In such a case there seems to be a presumption that the "special" statute was intended to remain in force as an exception to the later and more general enactment. *See* 73 Am.Jur.2d *Statutes* § 417 (1974).
>
> We conclude that the Arkansas Supreme Court did not intend that Ark. Code Ann. § 11-9-711(b) be superseded by Rule 4 of the Rules of Appellate Procedure.

*Id.* at 11, 786 S.W.2d at 123. In light of this reasoning, and because the notice of appeal was

filed within thirty days of "receiving" the order, the court of appeals determined the notice

of appeal was timely filed and denied the motion to dismiss.

The appellants filed a writ of certiorari with the Arkansas Supreme Court. The

supreme court in *Sunbelt II* affirmed the ruling of the court of appeals:

> We did not intend for Rule 4 to govern appeals from the Worker's Compensation Commission. We intended for the Rules of Appellate Procedure to govern appeals from circuit, chancery, and probate courts; we did not intend it to

7

apply to appeals from state agencies. *See* Ark. R. App. P. 2(a). One reason is that many agencies and commissions, such as the Worker's Compensation Commission, do not have an office comparable to a clerk of the court where agency orders are known by the public to be filed and immediately available. There is no known office where agency orders are "entered." Rule 4(a) provides "a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, . . . ." "Entry" occurs when a judgment or order is filed with the clerk of the court. Similarly, we have held that appeal provisions of the Administrative Procedures Act, instead of the Rules of Civil Procedure, govern the review of an agency decision. *Whitlock v. G.P.W. Nursing Home, Inc.*, 283 Ark. 158, 672 S.W.2d 48 (1984).

Accordingly, we affirm the holding of the Court of Appeals and remand the case to that court for a decision on the merits.

*Sunbelt II*, 303 Ark. at 523–24, 798 S.W.2d at 92.

The *Sunbelt* cases did not involve the filing of posttrial motions and the *Sunbelt* cases were decided prior to the 1999 amendment to Rule 4. Since the 1999 amendment to Rule 4 was adopted, the supreme court has specifically approved the application of Arkansas Rules of Appellate Procedure–Civil 2, 5, and 6 to workers'-compensation appeals. And it is of considerable importance in *Sunbelt I* and *Sunbelt II* that there was conflicting language between Ark. Code Ann. § 11-9-711(b) and then existing Rule 4. Section 11-9-711(b) provided that the notice of appeal shall be filed within thirty days of the receipt of the decision, and Rule 4 provided that the notice of appeal shall be filed within thirty days of the filing of the order. Because there was a *direct conflict*, the *Sunbelt I* court stated:

> We also note that the Rules of Appellate Procedure are broad and general in their scope while Ark. Code Ann. § 11-9-711 may be characterized as a "special" statute governing appeals only in workers' compensation cases. In such a case there seems to be a presumption that the "special" statute was intended to remain in force as an exception to the later and more general enactment. *See* 73 Am.Jur.2d *Statutes* § 417 (1974).

8

*Sunbelt I*, 31 Ark. App. at 11, 786 S.W.2d at 123.

Here, however, there is no conflicting language. Section 11-9-711(b) does not contain any language that conflicts with Rule 4(b)(1) and (2). Section 11-9-711(b) does not mention the effect that posttrial motions have on the time period in which to file a notice of appeal. Rule 4(b)(1) and (2) contains additional nonconflicting language describing the effect of a timely posttrial motion. Because there is no conflict, there is no reason to resort to the rule-interpretation device of a "special" statute argument vis-à-vis the general-rule argument.

This principle was illustrated by our court in *McCarty v. Board of Trustees of the Little Rock Police Pension Fund*, 45 Ark. App. 102, 872 S.W.2d 74 (1994), in which we held that Ark. R. App. P.–Civ. 9 was applicable to a case decided under the Administrative Procedure Act. We stated:

> Under Rule 9 of our Rules of Appellate Procedure whenever any day for taking action under the rules falls on a Saturday or Sunday the time is extended until the next business day—which in this case was Monday, May 14. We have held that the specific provision in the Workers' Compensation Act providing that a notice of appeal may be filed within thirty days of the "receipt" of the order or award of the Commission controls rather than the provision in Rule 4 of the Rules of Appellate Procedure that requires the notice of appeal to be filed within thirty days from the "entry" of the judgment appealed from. *See Sunbelt Couriers v. McCartney*, 31 Ark. App. 8, 786 S.W.2d 121 (1990). However, *there is no provision in the Workers' Compensation Act or the Administrative Procedure Act that conflicts* with the provision in Rule 9 of the Rules of Appellate Procedure that extends the time for filing the notice of appeal to the next business day when the last day for filing falls on a Saturday or Sunday. We think that provision should be followed here.

*McCarty*, 45 Ark. App. at 106–07, 872 S.W.2d at 75–76 (emphasis added). Similarly, there is no provision in the Workers' Compensation Act that conflicts with the provisions in Rule

4(b) that extend the time for filing the notice of appeal on the basis of the filing of a posttrial motion.

For these reasons, we conclude that Rule 4(b)(1)–(2) of the Arkansas Rules of Appellate Procedure–Civil applies to appeals from the Commission to the court of appeals, which includes the appeal herein.[3] Because we hold that Rule 4(b)(1)–(2) applies to this case, the notice of appeal was timely filed on the day after the motion for reconsideration was denied, and it necessarily follows that the record was timely filed under Ark. R. App. P.–Civ. 5 because the record was filed within ninety days of the filing of the notice of appeal. We hold that this court has jurisdiction over the appeal, and we grant appellant's motion for rule on clerk.

GRUBER, J., not participating.

GLADWIN, KLAPPENBACH, THYER, WOOD, and BROWN, JJ., dissent.

**WENDY SCHOLTENS WOOD, Judge, dissents**. Today, the majority of this court has held that Arkansas Rule of Appellate Procedure–Civil 4(b), which extends the time in which to file a notice of appeal, applies to Arkansas workers' compensation cases. I disagree and would deny appellants' motion for rule on the clerk.

---

[3]We acknowledge that this is an issue of first impression and could normally be certified to the Arkansas Supreme Court for disposition. We are, however, prohibited from certifying the case to the supreme court under the decisions in *Houston Contracting Co. v. Young*, 271 Ark. 455, 609 S.W.2d 895 (1980), and *Ward School Bus Manufacturing v. Fowler*, 261 Ark. 100, 547 S.W.2d 394 (1977).

Appellants' only notice of appeal in this case was filed on November 8, 2022. The record was tendered on February 21, 2023, more than ninety days after the filing of the notice. Under *Waste Management & Transportation Insurance Co. v. Estridge*, 363 Ark. 42, 210 S.W.3d 869 (2005), and Arkansas Rule of Appellate Procedure–Civil 5, the record in this appeal was not timely filed.

Appellants argue that pursuant to Rule 4(b), their filing of a motion for reconsideration of the Commission's decision extended the time to file their notice of appeal. They contend that under Rule 4(b) their notice was deemed filed on December 1, 2022, the day after the Commission denied their motion for reconsideration. Therefore, they argue that the tender of the record on February 21, 2023, was timely.

Section 11-9-711(b)(1)(A) provides that the appeal of a decision of the Commission to this court may be taken by filing a notice of appeal in the office of the Commission within thirty days from the date of the receipt of the order or award of the Commission. Ark. Code Ann. § 11-9-711(b)(1)(A) (Repl. 2012). There is no provision in this statute allowing for an extension of the filing of a notice of appeal.

In *Sunbelt Couriers v. McCartney*, our supreme court held: "We did not intend for Rule 4 to govern appeals from the Workers' Compensation Commission. We intended for the Rules of Appellate Procedure to govern appeals from circuit, chancery, and probate courts; we did not intend it to apply to appeals from state agencies." 303 Ark. 522, 523, 798 S.W.2d 92, 93 (1990). In *Sunbelt*, there was a conflict between section 11-9-711(b) and Rule 4(a)—the statute provided that a notice of appeal must be filed within thirty days of receipt of the

11

Commission's decision, and the rule provided that a notice of appeal must be filed within thirty days of the entry of a judgment. The supreme court held that section 11-9-711(b) governed.

In the case at bar, there is a conflict between section 11-9-711(b) and Rule 4(b). The statute does not allow for an extension of the filing of a notice of appeal, while the rule does. Following *Sunbelt*, the statute should govern.

Further, as stated above, this court on at least three occasions has held that the Workers' Compensation Act does not allow for an extension of the time for filing a notice of appeal by filing a motion for reconsideration. *Rogers v. Int'l Paper Co.*, 66 Ark. App. 34, 988 S.W.2d 23 (1999) (appeal from the administrative law judge to the Commission); *Hill v. Travenol Labs., Inc.*, 24 Ark. App. 116, 748 S.W.2d 356 (1988) (appeal from the Commission to the court of appeals); *see also Morrison v. Tyson Foods, Inc.*, 11 Ark. App. 161, 163, 668 S.W.2d 47, 48 (1984) (holding that while the Commission has the authority to consider a motion for rehearing which is filed within the thirty days allowed for an appeal, "the filing of a motion for reconsideration, or rehearing, does not extend the time to file the notice of appeal"). Today, this court effectively overrules these cases.

I acknowledge that section 11-9-711(b)(1)(B)(2) provides that appeals from the Commission to this court "shall be allowed as in other civil actions"; however, I do not consider that provision to be a proclamation by the General Assembly that all appellate rules of procedure apply to workers' compensation cases. Our supreme court has not held that all appellate rules of procedure apply in workers' compensation cases and has specifically held

that Rule 4(a) does not. *Sunbelt*, *supra*. Although the supreme court held in *Waste Management* that Arkansas Rule of Appellate Procedure–Civil 5 applies to workers' compensation appeals, its discretion was based on the absence of a workers' compensation statute specifically addressing when the record on appeal is to be filed. In contrast, there is a specific workers' compensation statute that addresses when a notice of appeal must be filed, and there is no provision within that statute that allows for an extension. There is no need in this circumstance to apply Rule 4(b) because the Workers' Compensation Act covers it.

In view of the plain language in section 11-9-711(b)(1)(A), the conflict between the statute and Rule 4, the supreme court's holding in *Sunbelt*, and this court's holdings in *Rogers*, *Hill*, and *Morrison*, Rule 4(b) does not apply in this case. Appellants' motion for reconsideration did not extend the time in which to file a notice of appeal. The only notice of appeal filed by appellants in this case was on November 8. The record was not lodged within ninety days of that date. Therefore, I would deny appellants' motion for rule on the clerk.

GLADWIN, KLAPPENBACH, THYER, and BROWN, JJ., join.