Cite as 2024 Ark. App. 237

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-23-133

| | |
|---|---|
| PECO FOODS, INC.; OCCUSURE CLAIMS SERVICES, LLC; AND DEATH AND PERMANENT TOTAL DISABILITY TRUST FUND<br><br>APPELLANTS<br><br>V.<br><br>JEFFREY JOHNSON<br><br>APPELLEE | Opinion Delivered April 10, 2024<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G805984]<br><br><br><br>DISMISSED IN PART; AFFIRMED |

## BART F. VIRDEN, Judge

Appellant Peco Foods, Inc., appeals from the Arkansas Workers' Compensation Commission's opinion and order affirming as modified the administrative law judge's (ALJ's) decision finding that appellee Jeffrey Johnson sustained a compensable injury in the form of an occupational disease. Peco argues that the Commission exceeded its authority on remand by analyzing the case under the occupational-disease statute contrary to our mandate in *Johnson v. Peco Foods, Inc.*, 2022 Ark. App. 187. We dismiss the appeal, in part, as it relates to Peco's petition for review by the Commission, and we affirm as to the merits.

To briefly summarize the facts, Peco is a poultry-processing plant. Johnson began working there in late May 2018. Soon after he had started the job—which involved hanging live chickens by their feet as they scratched and pecked him—he developed a rash. The rash

did not resolve, and he began experiencing nausea, vomiting, and diarrhea. On July 8, while on holiday with his fiancée, Johnson was found unresponsive. He was admitted to Baxter Regional Medical Center where he remained until July 16 when he was discharged with diagnoses of cardiopulmonary arrest; anoxic encephalopathy; nonischemic cardiomyopathy; acute renal failure; and lactic acidosis. The rest of the facts, along with the medical evidence, are set forth in the earlier appeal; thus, there is no need to repeat it here. What follows is the procedural history of this case.

Johnson filed a workers'-compensation claim for benefits, alleging that he had sustained a compensable injury related to his job. Peco controverted the claim, so a hearing was held. Johnson relied on an opinion by Dr. Rebecca Osborne, his primary-care physician, who stated that he had contracted a viral illness at work that led to "a cascade of medical problems." Peco claimed that there was no medical evidence that Johnson had contracted a virus that both caused his injuries or illness and resulted from his job processing chickens. Peco presented a report by Dr. Michael Gelfand, an infectious-disease expert and internal-medicine specialist, who said that he was unaware of any infection likely acquired from exposure to chickens that was expected to cause cardiomyopathy. In December 2020, the ALJ determined that Johnson had suffered a compensable heart injury and awarded him medical treatment and temporary total-disability (TTD) benefits. Peco appealed to the Commission.

On June 14, 2021, the Commission reversed the ALJ. The Commission found that Johnson had failed to prove that he suffered a compensable injury caused by a specific

incident, identifiable by time and place of occurrence, during the course of his employment pursuant to Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012). The Commission also determined that Johnson had failed to prove that his heart injury was caused by "some unusual and unpredicted incident" that was the major cause of the physical harm pursuant to Ark. Code Ann. § 11-9-114(b) (Repl. 2012). Referring to the opinions of Dr. Osborne and Dr. Gelfand, the Commission concluded that Dr. Gelfand's opinion was entitled to greater weight and concluded that Johnson had failed to prove causation. Further, the Commission found that, to the extent that Johnson argued he had suffered from a compensable occupational disease pursuant to Ark. Code Ann. § 11-9-601(e)(1)(A) (Repl. 2012), he had failed to prove causation under section 11-9-601(e)(1)(B).

Johnson appealed to this court, arguing that the Commission had erred in denying his claim for four reasons: (1) the Commission erred in concluding that he did not prove a specific-incident injury; (2) the Commission erred in finding that he failed to prove that some unusual and unpredicted incident occurred; (3) the Commission "misrepresented" Dr. Gelfand's opinion and what is necessary to prove causation and in concluding that he did not prove causation; and (4) he did sustain a compensable injury. We stated in a footnote in the opinion that whether Johnson suffered from an occupational disease was "not at issue"—Johnson did not argue that the Commission had erred in that respect.

In our decision handed down on April 27, 2022, we found merit in Johnson's argument that the Commission had "misrepresented" Dr. Gelfand's opinion. The Commission had found the following:

3

[Dr. Osborne's opinion is] not conclusive because as Dr. Gelfand—an expert on this topic—pointed out, neither Dr. Osborne nor any other of [Johnson's] treating physicians performed any viral studies or myocardial biopsies necessary to reach such a conclusion. In fact, according to Dr. Gelfand, he is not aware of any viral infection that is likely to be acquired from exposure to chickens that would cause [Johnson's] cardiomyopathy. In other words, not only did [Johnson] fail to prove causation, but *according to Dr. [Gelfand,] it is not even possible.* The Full Commission credits the expert [opinion] of Dr. Gelfand that [Johnson's] cardiomyopathy could not have been caused by a viral infection likely to be acquired from exposure to chickens.

*Johnson*, 2022 Ark. App. 187, at 11 (alteration in original) (emphasis added). We held that the Commission's factual finding that it was *impossible* for Johnson's cardiac injury to have been caused by a poultry-related virus was a misstatement of Dr. Gelfand's opinion. We said, "Because the Commission erroneously translated the medical evidence concerning the cause of Johnson's illness, we must reverse and remand for the Commission to reexamine the evidence."

On remand, the Commission affirmed as modified the ALJ's decision in its opinion and order dated October 26, 2022. The Commission found that Johnson had proved that he suffered from a compensable occupational disease and was entitled to reasonably necessary medical treatment and TTD benefits. The Commission stated that, whereas the ALJ had adjudicated the matter under Ark. Code Ann. § 11-9-114, which governs heart or lung injuries, the applicable statute was Ark. Code Ann. § 11-9-601, which governs occupational disease. Upon reexamining the evidence, the Commission concluded that Dr. Osborne's opinion was corroborated by the record and entitled to significant evidentiary weight and that Dr. Gelfand's opinion was *not* corroborated by the medical evidence in the record.

4

On November 8, 2022, Peco filed a timely notice of appeal from the Commission's October 26 opinion. Peco also filed on November 8 a petition for review or reconsideration with the Commission, claiming that the Commission had acted sua sponte and exceeded the scope of our mandate. On November 30, the Commission denied Peco's petition for review, stating that we had not directed it to adjudicate the claim in accordance with any particular statute and that the Commission had been presented with a stipulated issue of "compensability."

On February 21, 2023, the Commission submitted the record to the clerk of this court for filing, but on February 27, the clerk rejected the submission as untimely.[1] Peco then filed a motion for rule on the clerk requesting that this court order the clerk to accept and lodge the record. The issue presented by Peco's motion for rule on the clerk was whether Ark. R. App. P.–Civ. 4(b)(1) extends the time for filing the notice of appeal in a workers'-compensation case when the appellant has filed a timely "posttrial" motion.

Arkansas Rule of Appellate Procedure–Civil 4(a) provides that, "[e]xcept as otherwise provided in subdivisions (b) and (c) of this rule, a notice of appeal shall be filed within thirty (30) days from the entry of the judgment, decree or order appealed from." With respect to certain posttrial motions, Rule 4(b) provides the following:

> (1) Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), or any other

---

[1]The record on appeal must be filed within ninety days from the filing of the first notice of appeal, unless the time is extended. Ark. R. App. P.–Civ. 5(a).

motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

(2) A notice of appeal filed before disposition of any of the motions listed in paragraph (1) of this subdivision shall be treated as filed on the day after the entry of an order disposing of the last motion outstanding or the day after the motion is deemed denied by operation of law. Such a notice is effective to appeal the underlying judgment, decree, or order. A party who also seeks to appeal from the grant or denial of the motion shall within thirty (30) days amend the previously filed notice, complying with Rule 3(e). No additional fees will be required for filing an amended notice of appeal.

In a per curiam dated April 12, 2023, we held, as a matter of first impression, that Ark. R. App. P.–Civ. 4(b)(1)–(2) does apply to appeals from decisions of the Arkansas Workers' Compensation Commission. *Peco Foods, Inc. v. Johnson*, 2023 Ark. App. 223, 666 S.W.3d 121. We further held that we would treat Peco's notice of appeal from the Commission's October 26, 2022 opinion as having been filed on the day after the Commission denied Peco's petition for review and that, therefore, the record was timely filed under Ark. R. App. P.–Civ. 5. Thus, we granted Peco's motion for rule on the clerk and held that we had jurisdiction to hear the appeal.

The appeal is back before us with Peco arguing that the Commission exceeded our mandate, that the Commission could not change its findings of fact on remand, and that the prior appeal is both law of the case and res judicata. Peco, however, did not amend its notice of appeal to include the Commission's denial of its petition for review. A notice of

6

appeal must designate the judgment, decree, order or part thereof from which the appeal is taken. Ark. R. App. P.–Civ. 3(e)(ii). Peco's only notice of appeal states that it is appealing from the Commission's opinion dated October 26, 2022, and that its sole point on appeal is that the Commission's finding that Johnson proved that he suffered from an occupational disease is not supported by substantial evidence.

We have already determined that Ark. R. App. P.–Civ. 4(b)(1)–(2) applies in workers'-compensation cases. *Peco, supra*. It stands to reason that *all* of Rule 4(b)(2) applies. The rule provides, in relevant part, that "[a] party who also seeks to appeal from the grant or denial of the [posttrial] motion shall within thirty (30) days amend the previously filed notice." Ark. R. App. P.–Civ. 4(b)(2). Because Peco did not amend its notice of appeal to include the denial of its posttrial motion—the petition for review—we do not have jurisdiction to address Peco's arguments related to the Commission's denial of its petition. We will, however, answer the question of whether the Commission exceeded our mandate because a mandate involves the Commission's jurisdiction.

A mandate is the official notice of the appellate court's action, directed to the court below, advising that court of the action taken by the appellate court and directing the lower court to duly recognize, obey, and execute the appellate court's judgment. *Jackson v. Smiley Sawmill, LLC*, 2021 Ark. App. 433, 638 S.W.3d 11. An inferior court must give deference to an appellate court's mandate, implementing both the letter and spirit of the mandate, and has no power or authority to deviate from the mandate issued by an appellate court. *Id.* The question of whether the lower court followed the mandate is not simply one of whether the

7

lower court was correct in its construction of the case but also involves a question of the lower court's jurisdiction. *Turner v. Nw. Ark. Neurosurgery Clinic, P.A.*, 91 Ark. App. 290, 210 S.W.3d 126 (2005). The lower court is vested with jurisdiction only to the extent conferred by the appellate court's opinion and mandate. *Id.* Any proceedings on remand that are contrary to the directions contained in the mandate from the appellate court may be considered null and void. *Id.*

We cannot say that the Commission exceeded our mandate, which was to "reexamine the evidence." Dr. Gelfand offered an opinion on causation, which is an element common to all of Johnson's theories of recovery. The Commission, upon reexamining the medical evidence on causation, determined that Dr. Gelfand's opinion was not entitled to the weight that the Commission had initially assigned to it and that Dr. Osborne's opinion was, in retrospect, supported by the medical evidence. *See Westwood Health & Rehab., Inc. v. Diddle*, 2010 Ark. App. 774, at 4 (affirming the Commission's decision, after previously reversing and remanding on the basis that the Commission had relied on a misstatement as to the contents of a medical record, and holding that the Commission had executed this court's mandate "to conduct a proper de novo review of the record" even though the Commission credited testimony that it had previously found was not credible).

Peco's notice of appeal provides that its intention was to argue that the Commission's October 26 decision is not supported by substantial evidence. Moreover, Peco's opening brief mentions "substantial evidence" in the table of contents, the points on appeal, the

argument's heading, and a preliminary paragraph on the applicable standard of review;[2] however, Peco does not specifically argue sufficiency of the evidence until its reply brief. We do not consider arguments that are first raised in a reply brief because the appellee would have no opportunity for rebuttal. *Bean v. Reynolds Consumer Prods.*, 2022 Ark. App. 276, at 17 n.3, 646 S.W.3d 655, 665 n.3; *Hope Sch. Dist. v. Wilson*, 2011 Ark. App. 219, 382 S.W.3d 782; *Helena/W. Helena Schs. v. Hislip*, 78 Ark. App. 109, 79 S.W.3d 404 (2002). We therefore affirm the Commission's opinion and order without addressing the merits.

Dismissed in part; affirmed.

KLAPPENBACH and WOOD, JJ., concur.

**WENDY SCHOLTENS WOOD, Judge, concurring**. In my view, Arkansas Rule of Appellate Procedure–Civil 4(b), which extends the time to file a notice of appeal, does not apply to Arkansas Workers' Compensation cases, and this appeal should have been dismissed as untimely. *See Peco Foods, Inc. v. Johnson*, 2023 Ark. App. 223, 666 S.W.3d 121 (Wood, J. dissenting). However, the decision of this court's majority in that case was to the contrary. On the merits of the appeal in this case, I agree with the disposition. Thus, I concur.

Klappenbach, J., joins.

---

[2]A mere conclusory statement in, for example, a point for appeal or an argument heading, constitutes a waiver of the question if not argued, and the issue will not be addressed on appeal. *See Estacuy v. State*, 94 Ark. App. 183, 228 S.W.3d 567 (2006) (citing *Dougan v. State*, 330 Ark. 827, 957 S.W.2d 182 (1997); *Brockwell v. State*, 260 Ark. 807, 545 S.W.2d 60 (1976); *Camp v. State*, 66 Ark. App. 134, 135–36 n.1, 991 S.W.2d 611, 613 n.1 (1999)).

*Gill Ragon Owen, P.A.*, by: *Jason A. Lee*, for appellants.

*Laura Beth York*, for appellee.